■ D. A. D. RESTAURANT, LTD., Appellant, v ANTHONY OPERATING CORP., Respondent.—In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Christ, J.), dated March 9, 1987, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, dated March 16, 1987, entered thereon.

Ordered that the appeal from the order is dismissed, and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

In this action the plaintiff contends that a contract for the sale of real property arose by reason of its valid exercise of an option agreement which gave the holder the right to purchase

the premises for an agreed price. The plaintiff seeks specific performance of the contract. The defendant claims, however, that the option was never properly exercised and that, therefore, the contract for the sale of the premises never came to fruition.

It is well settled that in order to validly exercise an option to purchase real property, the optionee must strictly adhere to the terms and conditions of the option agreement *(see, T. I. P. Holding No. 2 Corp. v Wicks,* 63 AD2d 263; *Boal v Smith,* 35 AD2d 730, *affd* 29 NY2d 518; *Piazza v Sutherland,* 53 Misc 2d 726). The record reveals that the terms of the option agreement herein required the optionee, in order to exercise the option, to mail notice of its election to exercise the option to the defendant corporation, by certified mail, return receipt requested, at the address set forth in the agreement. As the court correctly noted, however, this was never done. The attempted service of notice regarding the alleged exercise of this option was by a letter from the plaintiff's attorney to the defendant's former attorney. Although this letter was sent certified mail, return receipt requested, it was not in compliance with the terms of the option agreement requiring service upon the defendant corporation. Nor was there proper exercise of the option by service of a copy of that letter upon Joseph N. Saccone in care of Le Restaurant by certified mail return receipt requested, at the stated address. Although Joseph N. Saccone was the president of the defendant corporation he was not a party to be served for the proper exercise of the option. Moreover, mailing it to him in care of Le Restaurant was improper, since in effect the plaintiff was serving a notice upon Le Restaurant, one of its own affiliates. As the court correctly noted, "[s]uch 'service' amounts to an attempt to secure service upon a third party by serving itself and it is of no force and effect". No other notice to exercise the option was validly served and, as a result, the option expired on July 31, 1985, pursuant to its terms.

Accordingly, the defendant's motion for summary judgment dismissing the complaint was properly granted. The plaintiff failed to set forth sufficient facts in opposition to raise a triable issue of fact *(see, Zuckerman v City of New York,* 49 NY2d 557; *Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338). Kunzeman, J. P., Eiber, Spatt and Sullivan, JJ., concur.