*783 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
What constitutes a reasonable time for performance depends upon the facts and circumstances of the particular case (see, Ballen v Potter, 251 NY 224; Murray Co. v Lidgerwood Mfg. Co., 241 NY 455, 459). Included within a court’s determination of reasonableness are the nature and object of the contract, the previous conduct of the parties, the presence or absence of good faith, the experience of the parties and the possibility of prejudice or hardship to either one, as well as the specific number of days provided for performance (see, Murray Co. v Lidgerwood Mfg. Co., supra, at 459; Ballen v Potter, supra; 76 N. Assocs. v Theil Mgt. Corp., 114 AD2d 948; Schoen v Grossman, 33 Misc 2d 490, affd 17 AD2d 778; Pomeroy, Specific Performance of Contracts § 396 [3d ed]). The determination of reasonableness must by its very nature be determined on a case-by-case basis.
Accordingly, it cannot be said that the Appellate Division erred as a matter of law in determining that the time set by defendants for performance was reasonable.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.