■ RASIM XHELILI et al., Appellants, v CAMILLO LARSTANNA et al., Respondents.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated October 23, 1986, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The mortgage contingency clause in the contract of sale between the parties was for the benefit of the plaintiffs only and the defendants could not use the failure of the plaintiffs to obtain a mortgage by the specified date as justification for canceling the contract *(see, Dale Mtge. Bankers Corp. v 877 Stewart Ave. Assocs.,* 133 AD2d 65, *lv denied* 70 NY2d 612). The plaintiffs were entitled to a reasonable adjournment of the closing to secure a mortgage commitment *(see, Levine v Sarbello,* 112 AD2d 197, *affd* 67 NY2d 780).

The defendants, by the letter of their attorney dated July 18, 1985, extended, for the fourth time, the period within which the plaintiffs could obtain a mortgage commitment. Significantly, in the context of the dealings between the parties, that letter also gave "clear, distinct and unequivocal notice" that time was of the essence in the performance of the contract *(Ballen v Potter,* 251 NY 224, 229). The plaintiffs have failed to come forward with any evidence which tends to show that they were ready, willing and able to close on

August 15, 1985, the date specified as law day in the letter dated July 18, 1985. This precludes their entitlement to specific performance *(see, Zev v Merman,* 134 AD2d 555, 557, *affd* 73 NY2d 781).

We have considered the plaintiffs' remaining contentions and find them to be without merit. Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.