■ 3M Holding Corp., Appellant, v Adolph Wagner et al., Respondents.—In an action for specific performance of a real estate contract, the plaintiff appeals from stated portions of a judgment of the Supreme Court, Suffolk County (Campbell, J.H.O.), dated February 1, 1989, *inter alia,* which, after a nonjury trial, dismissed its complaint and permitted the defendants to retain the plaintiff's down payment as liquidated damages.

Ordered that the judgment is modified by deleting the third and fourth decretal paragraphs and substituting therefor a provision directing the defendants to return the plaintiff's down payment; and as so modified, the judgment is affirmed, without costs or disbursements. The defendants' time within which to comply is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

The plaintiff agreed to purchase certain real property from the defendants. The parties' contract set the closing date as "on or about July 15, 1985". Closing did not take place on that date and the defendants sent a letter to the plaintiff dated July 16, 1985, which purported to set a closing date "no later than July 29, 1985". The closing did not take place on that date, either. On August 2, 1985, a Friday, the defendants sent a letter to the plaintiff stating that the closing must take place on August 6, 1985, at 10:00 A.M. or the plaintiff would be held in default and its down payment forfeited. The plaintiff's counsel testified at trial that this letter was not received in his office until August 6, 1985, at around 11:00 A.M., and therefore he did not appear at the closing. By letter dated August 9, 1985, the defendants declared the plaintiff to be in default.

Thereafter, the plaintiff brought this action for specific performance. After a nonjury trial, the court determined that the plaintiff had not shown that it was financially able to buy the property even up to the time of trial. The trial court

dismissed the plaintiff's complaint and permitted the defendants to retain the plaintiff's $5,000 down payment as liquidated damages. While we agree that specific performance is not warranted, we hold that the defendants are not entitled to retain the down payment.

Where a contract for the sale of real property does not specify that time is of the essence, either party is entitled to a reasonable adjournment of the closing date (see, Sohayegh v Oberlander, 155 AD2d 436). Thus, the plaintiff was entitled to a reasonable adjournment of the closing date of "on or about July 15, 1985", contained in the contract.

Once the closing date set forth in the contract had passed, either party could have declared time of the essence by giving a clear, distinct and unequivocal notice along with a reasonable time for the other party to act (see, Ballen v Potter, 251 NY 224; Sohayegh v Oberlander, supra; Xhelili v Larstanna, 150 AD2d 560). Although the defendants' letter of July 16, 1985, indicates that they had advised their attorney "to set a closing on this file no later than July 29, 1985," the letter does not set a specific day or time for the closing, and thus, the letter does not set forth a proper law date. The next date that was scheduled for closing was August 6, 1985, as per the defendants' letter of August 2, 1985. However, the defendants' letter of August 2, 1985, is inadequate to make time of the essence or to set a closing date since it was mailed on a Friday, only four days before the scheduled closing. Indeed, the plaintiff's attorney testified that the letter was not received until August 6, 1985, at 11:00 A.M., one hour after the scheduled closing. As such, the letter failed to provide the plaintiff with a reasonable time in which to close (see, Nissenbaum v Ferazzoli, 143 AD2d 823; Mazzaferro v Kings Park Butcher Shop, 121 AD2d 434) and was a nullity. Under these circumstances, there is no law day by which the plaintiff's performance can be measured, and the plaintiff could not have defaulted as the defendants claimed in their letter of August 9, 1985. Therefore, the plaintiff's $5,000 down payment should have been returned.

However, notwithstanding the defendants' improper declaration of default, the plaintiff was not entitled to obtain specific performance. While the defendants' improper cancellation of the contract excused the plaintiff from its duty to tender its own performance, it was still the plaintiff's burden upon trial to show that it was ready, willing and able to perform its obligations under the contract in order to obtain the relief of specific performance (Zev v Merman, 134 AD2d

555, *affd* 73 NY2d 781; *Huntington Min. Holdings v Cottontail Plaza,* 96 AD2d 526, *affd* 60 NY2d 997; *Xhelili v Larstanna, supra).* At trial, the plaintiff could not produce a mortgage application or commitment, or any other proof confirming that it had obtained the necessary financing. Thus, the trial court properly determined that the plaintiff had failed to meet its burden because it had failed to show that it was financially able to buy the property even through the date of trial. Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.