■ WALLACE INDUSTRIES, INC., Appellant, v SALT CITY ENERGY VENTURE, L. P., Respondent. [649 NYS2d 531] —Peters, J. Appeal

---

from an order of the Supreme Court (Rumsey, J.), entered June 1, 1995 in Tompkins County, which, *inter alia*, granted defendant's motion to dismiss the complaint for, *inter alia*, failure to state a cause of action.

Pursuant to a contract entered on February 26, 1991, plaintiff[1] agreed to transport and dispose of ash produced at a cogeneration facility owned by defendant. Pursuant thereto, defendant agreed to weigh and load its ash onto railcars provided by plaintiff and pay a fixed rate per ton for all ash removed.[2] The contract had an initial term of three years and was renewable at the option of defendant for up to four successive terms of five years each. The parties agreed that October 1, 1993 would be the notification date for renewal or termination of the contract and that the initial term would end by June 30, 1994.

In accordance with the aforementioned provisons, on October 1, 1993 defendant notified plaintiff that it would not be exercising its option to extend the contract beyond the initial term. Three days prior to the end of such term, defendant tendered a termination fee of $25,000 as required by the contract. Such fee was immediately returned by plaintiff, contending that defendant prematurely terminated the contract.

This action was thereafter commenced seeking specific performance, injunctive relief and monetary damages. In its first and third causes of action, plaintiff contends that defendant was not permitted to terminate the contract, under these circumstances, until the completion of not only the initial term but also the first successive five-year term. In the second cause of action, plaintiff sought monetary damages for defendant's failure to provide the minimum weight of ash required under the contract. Defendant moved to dismiss the complaint based upon its submission of documentary evidence. Supreme Court granted defendant's motion, finding that the unambiguous terms of the contract permitted termination, with proper notice, three years after it was entered into. It further determined that no damages could be incurred because the contract did

---

1. Plaintiff entered into a joint venture with McKay Coal Company, Inc., a signatory to the aforementioned contract.

2. Conrail, who owned these railcars, charged plaintiff a fee based upon a minimum weight of 80 tons per railcar, regardless of the actual weight of the ash loaded by defendant.

not require defendant to provide a minimum weight of ash each time it loaded a railcar. Plaintiff appeals.[3]

We affirm. Reviewing all the provisions contained in the subject contract, we find that pursuant to the clear and unambiguous language of Article 10 thereof, defendant was given the option to renew or terminate the contract after the initial three-year term, for any or no reason, so long as it gave plaintiff one year prior written notice of its intention to do so and thereafter provided a "prompt" payment of the $25,000 termination fee. Contrary to plaintiff's contention, we do not find such right limited to a disagreement regarding the competitive rate to be charged during the succeeding term. Since defendant gave notice of termination on October 1, 1993, the date that the parties agreed that such notification should be provided, and paid the $25,000 termination fee prior to the expiration of the initial term of the contract, we find defendant's performance reasonable (see, Ben Zev v Merman, 73 NY2d 781) and in full compliance with the contract.

Plaintiff's contention that Supreme Court erred in failing to find defendant obligated by the contract to provide plaintiff with at least 80 tons of ash each time it loaded a railcar is similarly unavailing. While silence as to a particular issue can, at times, create an ambiguity in a contract requiring the introduction of extrinsic evidence (see, Belknap v Dean Witter & Co., 61 NY2d 802), where, as here, a fully integrated writing expressly detailed the type of ash to be disposed of, the aggregate amount that plaintiff was to furnish yearly, with a provision for liquidated damages if it failed to do so, the fixed rate per ton, monthly notification requirements as to the estimated amount to be removed each week, as well as a requirement that defendant properly load and weigh the ash, we cannot conclude that the contract's silence as to a minimum weight of ash to be loaded per railcar created an ambiguity requiring the introduction of extrinsic evidence.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.

---

3. As a further ground for the dismissal of this action, defendant alleged that plaintiff failed to join McKay Coal Company, Inc. as a necessary party. Since such issue was not raised on appeal, we deem it abandoned. We also note that plaintiff withdrew that portion of its appeal addressing the propriety of Supreme Court's denial of its motion to amend the complaint.