■ LUDMILA SAVITSKY, Respondent, v AARON SUKENIK et al., Appellants. [659 NYS2d 48] —In an action, *inter alia*, for the return of a down payment on a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Kings County (Garry, J.), dated September 25, 1996, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof which denied the defendants' motion in its entirety and substituting therefor a provision granting those branches of the defendants' motion which were for summary judgment dismissing the plaintiff's second and third causes of action, and (2) by adding a provision thereto, that upon searching the record, summary judgment is granted to the plaintiff on her first cause of action; as so modified, the order is affirmed, without costs or disbursements.

By contract dated June 16, 1994, the plaintiff agreed to purchase from the defendant Aaron Sukenik a building located in Brooklyn, for $210,000. The contract called for a closing "no later than August 21, 1994". The plaintiff made a down payment of $50,000, which was held in escrow by counsel for Sukenik, the codefendant Joseph Frost. By letter dated July 21, 1994, the plaintiff informed the defendants that the subject building could not be used for a commercial warehouse, her intended use, and "reiterat[ed]" her demand that her down payment be returned. By letter dated August 4, 1994, Frost requested that the plaintiff advise him of a suitable date for closing or be deemed in breach of the contract as of August 21, 1994. A closing never occurred. By contract dated September 1, 1994, ten days after the closing date set forth in the contract at issue, Sukenik agreed to sell the subject property to a third party for $120,000 more than the price for which he was to sell the property to the plaintiff.

The plaintiff commenced this action, *inter alia*, to recover her down payment. After issue was joined, the defendants moved for summary judgment. The defendants argued, among other things, that time was made of the essence by Frost's August 4, 1994, letter and that the plaintiff, by failing to perform by August 21, 1994, breached the contract and forfeited her down payment. The plaintiff argued, *inter alia*, that time had not been made of the essence and that, therefore, the defendant had breached the contract by selling the building to a third party. In the order appealed from, the court denied the defendants' motion for summary judgment.

When a contract for the sale of real property does not make time of the essence, the law permits a reasonable time in which to tender performance, regardless of whether the contract designates a specific date for performance (*see, Grace v Nappa*, 46 NY2d 560; *Sohayegh v Oberlander*, 155 AD2d 436; *Zev v Merman*, 134 AD2d 555, *affd* 73 NY2d 781). What constitutes a reasonable time to perform turns on the facts and circumstances of the case (*see, Zev v Merman, supra*). Time may be made of the essence by "clear, distinct, and unequivocal notice to that effect giving the other party a reasonable time in which to act" (*Zev v Merman, supra*, at 557; *see also, 3M Holding Corp. v Wagner*, 166 AD2d 580; *Sohayegh v Oberlander, supra*). Here, the contract did not make time of the essence (*see, Exclusive Envelope Corp. v Tal-Spons Corp.*, 187 AD2d 556; *O'Connell v Clear Holding Co.*, 126 AD2d 530; *Leading Bldg. Corp. v Segrete*, 60 AD2d 907). Further, we find, as a matter of law, that Frost's letter of August 4, 1994, was premature (*see,*

*3M Holding Corp. v Wagner, supra; North Triphammer Dev. Corp. v Ithaca Assocs.*, 704 F Supp 422, 430) and failed to afford the plaintiff a reasonable time after the August 21, 1994, closing date set forth in the contract within which to perform (*see, Zev v Merman, supra*). Therefore, the letter was inadequate to make time of the essence. Thus, the sale of the property to a third party prior to the expiration of a reasonable adjournment of the plaintiff's time to perform constituted a breach of the contract at issue. Further, because the plaintiff's letter of July 21, 1994, did not evince "an absolute repudiation [of the contract] by language or act making it futile for the [defendants] to proceed" (*Didier v MacFadden Publs.*, 299 NY 49, 53; *see*, 22A NY Jur 2d, Contracts, § 412), Sukenik's sale of the property cannot be deemed an effort to mitigate damages in the face of an anticipatory breach by the plaintiff. Thus, the plaintiff is entitled to the return of her down payment (*see, 3M Holding Corp. v Wagner, supra*). However, because the plaintiff, by acquiescing in Sukenik's breach, evinced an intent to abandon the contract, she may not otherwise pursue her claims for breach of the contract.

In general, abandonment of a contract need not be express, but may be inferred from the conduct of the parties and the attendant circumstances (*see, Rosiny v Schmidt*, 185 AD2d 727; *Matter of Schanzer*, 7 AD2d 275, *affd* 8 NY2d 972; 91 NY Jur 2d, Real Property Sales and Exchanges, § 146). "A contract will be treated as abandoned when one party acts in a manner inconsistent with the existence of the contract and the other party acquiesces in that behavior. That is, the refusal of one party to perform his contract amounts to an abandonment of it, leaving the other party to his choice of remedies, but his assent to abandonment dissolves the contract so that he can neither sue for a breach nor compel specific performance" (91 NY Jur 2d, Real Property Sales and Exchanges, § 146; *see also, Graves v White*, 87 NY 463; *Aldrich v Putney*, 11 Paige Ch 204). Here, the plaintiff acquiesced in Sukenik's breach and evinced an intent to abandon the contract when, upon discovering on September 28, 1994, the impending sale of the property to a third party, she took no steps to enforce or preserve her rights under the contract with Sukenik or to prevent the execution of Sukenik's contract with the third party. Rather, the plaintiff merely demanded the return of her down payment; conduct consistent with her earlier demand for the return of her down payment on the ground that the subject building was unsuitable for her needs. Indeed, it is not even alleged that either party was ready, willing, and able to perform on or within a reasonable time after the closing date set forth in the

contract, and the record does not reveal that either party made a bona fide effort to either tender or demand the tender of performance.

Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were to dismiss the plaintiff's second and third causes of action, and upon searching the record, summary judgment is awarded to the plaintiff on her first cause of action for return of the down payment. O'Brien, J. P., Ritter, Altman and McGinity, JJ., concur.