■ PETRELLI ASSOCIATES, INC., Respondent, v JOSEPH W. GERMANO et al., Defendants, and AUGUST T. SEGRETO et al., Appellants. [702 NYS2d 360] —In an action for specific performance of a contract for the sale of real property and to recover damages for breach of contract, the defendants August T. Segreto and Denise Segreto appeal from an order of the Supreme Court, Suffolk County (Berler, J.), dated September 14, 1999, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them and to vacate a notice of pendency filed against their property by the plaintiff.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, the action against the remaining defendants is severed, and the notice of pendency is vacated.

The appellants established their entitlement to judgment as a matter of law on the plaintiff's cause of action for specific performance. Before specific performance of a contract for the sale of real property may be granted, a plaintiff must demonstrate that it was ready, willing, and able to perform its obligations under the contract to purchase, regardless of any alleged anticipatory breach by the defendants (*see, 3M Holding Corp. v Wagner,* 166 AD2d 580, 581-582; *Cohn v Mezzacappa Bros.,* 155 AD2d 506; *Zev v Merman,* 134 AD2d 555, 557, *affd* 73 NY2d 781; *Huntington Min. Holdings v Cottontail Plaza,* 96 AD2d 526, *affd* 60 NY2d 997). Here, the plaintiff failed to raise

an issue of fact that it was ready, willing, and able to perform. Upon the execution of the tripartite agreement, the parties made time of the essence. Contrary to the plaintiff's contention, given that the agreement clearly declared that it was null and void if the closing did not occur by July 27, 1998, no reasonable time was permitted for the plaintiff to cure an attempt to tender nonconforming funds (*see, Grace v Nappa,* 46 NY2d 560). Accordingly, the appellants are entitled to summary judgment dismissing the complaint insofar as asserted against them.

The appellants also made a prima facie showing that they are entitled to summary judgment dismissing the plaintiff's breach of contract claim (*see, Zuckerman v City of New York,* 49 NY2d 557). The record is devoid of evidence that the appellants breached the agreement. Rather, the documentary evidence indicates that the contract expired pursuant to its terms. In opposing the appellants' summary judgment motion, it was incumbent upon the plaintiff to produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact (*see, Frank Corp. v Federal Ins. Co.,* 70 NY2d 966; *Zuckerman v City of New York, supra*). The plaintiff has failed to do so.

In light of our determination we do not reach the appellants' remaining contentions. Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.