■ GAIL E. CAVE, Respondent, v RICHARD KOLLAR et al., Appellants. [744 NYS2d 497] —In an action for specific performance of a real estate contract, the defendants appeal from an order of the Supreme Court, Westchester County (Barone, J.), entered August 20, 2001, which granted the plaintiff's motion for summary judgment compelling specific performance of the contract of sale.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff and the defendants entered into a contract on September 1, 2000, wherein the plaintiff agreed to purchase two adjoining lots, one improved with a two-family home and the other unimproved, situated on Marble Place in the Village of Ossining and owned by the defendants, who are siblings. The plaintiff wanted to construct a single-family home on the unimproved lot, which was too small for such purpose under the applicable zoning code. The contract required the defendants to apply to the Zoning Board of Appeals of the Village of Ossining (hereinafter the zoning board) for area variances to allow the plaintiff to build on the unimproved lot. The agreed purchase price for both lots was $325,000, which included the sum of $260,000 for the improved lot and the sum of $65,000 for the unimproved lot. The contract further provided that in the event that the zoning board rejected the application for variances so that the unimproved lot was not a legal building lot, "then purchaser agrees to purchase the residence lot for $260,000.00 and the vacant land for $10,000.00, for a total agreed price of $270,000.00." The contract provided for a closing date of December 15, 2000.

The defendants applied to the zoning board for the area variances necessary to enable the plaintiff to build a single-family home on the unimproved lot. The application was opposed by neighbors and, in response to the opposition, the defendants revised the plans and submitted an amended application. The parties agreed to adjourn the closing from the contract date of December 15, 2000, to an unnamed future date pending the zoning board determination. At the conclusion of a hearing on March 19, 2001, the zoning board voted orally to deny the defendants' application. The written decision of the zoning board was not published for over two months, and was finally filed in the office of the Village Clerk on May 30, 2001.

By letter dated April 17, 2001, the defendants' attorney

informed counsel for the plaintiff that the zoning board orally denied the application for variances, but there was no written decision yet and that the defendants were considering a challenge to the zoning board's determination. In response, the plaintiff's attorney, on May 2, 2001, sent the following letter to the defendants' attorney: "Needless to remind you, your client has contracted to sell said property to my client, and since denied the variance[s], is now obligated to sell without further delay. Please contact this office to set up a closing date."

The attorney for the defendants then notified the plaintiff's attorney, by letter dated May 15, 2001, that the defendants would not proceed to closing until they had "a written notification of the decision of denial of the application for * * * variance[s]" and that the Village Attorney advised that the written resolution was to be presented at the May 21st meeting of the zoning board.

The plaintiff commenced this action for specific performance of the contract of sale at the lower price of $270,000, and promptly moved for summary judgment. Summary judgment was granted to the plaintiff by order entered August 20, 2001, and the defendants appealed. By judgment of the Supreme Court, Westchester County (Nicolai, J.), entered January 22, 2002, in a proceeding brought by the defendants pursuant to CPLR article 78, the determination of the zoning board was annulled and the area variances were granted.

It is undisputed that there was no provision in the contract that time was to be of the essence. It is further undisputed that the closing date fixed in the contract was waived by mutual consent of the parties. Where, as here, there is an indefinite adjournment of the closing date "some affirmative act has to be taken by one party before he [or she] can claim the other party is in default; that is, one party has to fix a time by which the other must perform, and he [or she] must inform the other that if he [or she] does not perform by that date, he [or she] will be considered in default" (*Tarlo v Robinson,* 118 AD2d 561, 566, quoting *Royce v Rymkevitch,* 29 AD2d 1029).

The plaintiff was required to set a new date for closing and make time of the essence by giving "clear, distinct, and unequivocal notice to that effect giving the other party a reasonable time in which to act" (*Savitsky v Sukenik,* 240 AD2d 557, 558 [internal quotation marks omitted]; *see Mazzaferro v Kings Park Butcher Shop,* 121 AD2d 434, 435-436; *Levine v Sarbello,* 112 AD2d 197, 200, *affd* 67 NY2d 780), and by informing the other party that if he or she does not perform by that date, he or she will be considered in default (*see Hamburger v*

*Rieselman,* 206 AD2d 822, 823; *Charchan v Wilkins,* 231 AD2d 668). Counsel's letter to the defendants of May 2, 2001, which merely demanded that the defendants fix a closing date, was inadequate to make time of the essence because it did not clearly and distinctly set a new date and time for closing (*see 3M Holding Corp. v Wagner,* 166 AD2d 580; *Mazzaferro v Kings Park Butcher Shop, supra*), and it did not inform the defendants that they would be considered in default if they did not perform by a given date (*see Hamburger v Rieselman, supra* at 823; *cf. Charchan v Wilkins, supra*). Having failed to make a prima facie showing that she made a sufficient demand for performance upon the defendants prior to the commencement of this action (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324), the plaintiff was not entitled to summary judgment granting specific performance of the contract (*see D'Abreau v Smith,* 240 AD2d 616; *Brum Realty v Takeda,* 205 AD2d 365, 366; *Tarlo v Robinson, supra*).

The plaintiff also failed to make a prima facie showing that the defendants repudiated the contract by their letter of May 15, 2001. The letter clearly did not evince an intent to abandon the contract on the part of the defendants (*Didier v Macfadden Publs.,* 299 NY 49, 53; *Savitsky v Sukenik, supra* at 559). S. Miller, J.P., Schmidt, Adams and Townes, JJ., concur.