■ Donna DeCicco, Respondent, v Stephen V. Staehle, Appellant. [783 NYS2d 380]—

In an action, inter alia, for specific performance of a contract to sell real property, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered May 16, 2003, as granted that branch of the plaintiff's motion which was for summary judgment on her first cause of action for specific performance.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant seller's contentions, the Supreme Court properly granted the plaintiff buyer's motion for summary judgment on her cause of action for specific performance. The contract provided for a closing to take place on or before September 10, 2001, but did not make time of the essence (see *Savitsky v Sukenik*, 240 AD2d 557 [1997]). Thus, the plaintiff was entitled to a reasonable adjournment of the closing date (see *Petrelli Assoc. v Germano*, 268 AD2d 513 [2000]; *Savitsky v Sukenik, supra*). On or about September 18, 2001, the defendant attempted to exercise his option to terminate the contract pursuant to paragraph 33 thereof, but failed to do so in accordance with the notice provisions of paragraph 17 thereof. Accordingly, his attempted termination was of no effect (see *Chavez v Eli Homes, Inc.*, 7 AD3d 657 [2004]; cf. *Lamont v Story Book Homes*, 288 AD2d 351 [2001]). As the plaintiff otherwise demonstrated her entitlement to summary judgment on her cause of action for specific performance, that branch of her motion was properly granted.

The defendant's remaining contentions are without merit. H. Miller, J.P., S. Miller, Cozier and Spolzino, JJ., concur.