■ ALLEN GUIPPONE et al., Respondents, v FLORENCE GAIAS, Appellant. [786 NYS2d 112]—

In an action for specific performance of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated July 11, 2003, which granted the plaintiffs' motion for summary judgment directing specific performance of the contract, and denied her cross motion for summary judgment dismissing the complaint and vacating the notice of pendency.

Ordered that the order is affirmed, with costs.

In February 2002 the parties entered into a contract whereby

the defendant agreed to sell to the plaintiffs real property located in Shoreham. The contract provided that the closing was to occur "on or about January 30, 2002." However, at a scheduled closing on April 3, 2002, the plaintiffs appeared ready, willing, and able to close, but the defendant failed to appear. Thereafter, by letter dated April 18, 2002, the plaintiffs informed the defendant that they wished to reschedule the closing on or before April 23, 2002, and that they would commence legal action if the defendant failed to comply with such request. The plaintiffs received no response from the defendant. The plaintiffs then commenced this action for specific performance of the contract and filed a notice of pendency.

The plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). While the original contract did not include a provision that time was of the essence, the plaintiffs' letter dated April 18, 2002, provided unequivocal notice that April 23, 2002, was a closing date where time was of the essence (*see Moray v DBAG, Inc.*, 305 AD2d 472 [2003]; *Savitsky v Sukenik*, 240 AD2d 557 [1997]; *Mohen v Mooney*, 162 AD2d 664 [1990]), and that the failure of the defendant to comply would result in the commencement of an action against her (*see Moray v DBAG, Inc., supra; Cave v Kollar*, 296 AD2d 370 [2002]; *Tarlo v Robinson*, 118 AD2d 561 [1986]).

In opposition, the defendant failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). In particular, the defendant neither objected to the plaintiffs' April 18, 2002, notice nor exercised her right to cancel the contract until September 12, 2002.

The defendant's remaining contentions are without merit. Santucci, J.P., Schmidt, Adams and Skelos, JJ., concur.