■ MICHAEL MARCANTONIO et al., Appellants, v MICHAEL PICOZZI III et al., Respondents. [846 NYS2d 647]—

In an action to recover liquidated damages for breach of a contract for the sale of real property, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Brennan, J.), dated February 7, 2006, as denied their motion for summary judgment on the complaint, (2), as limited by their brief, from so much of an order of the same court dated June 8, 2006, as granted that branch of the motion of the defendant Michael Picozzi III which was for leave to serve an amended answer adding a counterclaim for specific performance and as, upon reargument, adhered to the original determination denying the plaintiffs' motion for summary judgment on the complaint, and (3) from an order of the Supreme Court, Suffolk County (Pitts, J.), dated January 17, 2007, which granted the defendants' motion for summary judgment dismissing the complaint and for summary judgment in favor of the defendant Michael Picozzi III on his counterclaim for specific performance and denied those branches of the plaintiffs' cross

motion which were for leave to enter a default judgment and for summary judgment on the complaint.

Ordered that the appeal from the order dated February 7, 2006 is dismissed, as that order was superseded by the order dated June 8, 2006 made upon reargument; and it is further,

Ordered that the appeal from so much of the order dated January 17, 2007, as denied that branch of the plaintiffs' cross motion which was for leave to enter a default judgment is dismissed; and it is further,

Ordered that the order dated June 8, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated January 17, 2007 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The Supreme Court providently exercised its discretion in granting the motion of the defendant Michael Picozzi III for leave to amend his answer to add a counterclaim for specific performance (*see* CPLR 3025 [b]; *Olencki v Presbyterian Hosp. in City of N.Y. at Columbia Presbyt. Med. Ctr.,* 5 AD3d 644 [2004]; *Jordan v Aviles,* 289 AD2d 532, 533 [2001]). Upon Picozzi's motion for summary judgment on his counterclaim, the plaintiffs cross-moved for leave to enter a default judgment on the ground that Picozzi served the amended answer beyond the 20-day limit previously imposed by the court. On their appeal from the order denying that cross motion, the plaintiffs failed to include in the record on appeal any of the papers submitted in opposition to their cross motion. Without a complete record, this Court is unable to render an informed decision on the merits, and thus, the plaintiffs' appeal from so much of the order dated January 17, 2007, as denied that branch of the plaintiffs' cross motion which was for leave to enter a default judgment must be dismissed (*see Matison v County of Nassau,* 290 AD2d 494, 495 [2002]; *Singh v Getty Petroleum Corp.,* 275 AD2d 740 [2000]).

In support of their original motion for summary judgment, and their subsequent cross motions for summary judgment on the complaint, the plaintiffs asserted that they had sent two letters which properly gave Picozzi notice that time was of the essence, and that Picozzi breached the contract by failing to tender the purchase price by the designated closing date. Because the contract between the parties did not make time of the essence, the plaintiffs were required to give clear, distinct, and unequivocal notice to that effect, setting a closing date which allowed Picozzi a reasonable time in which to act, and informing

Picozzi that he would be considered in default if he failed to perform by the designated date (*see Guippone v Gaias,* 13 AD3d 339, 340 [2004]; *Moray v DBAG, Inc.,* 305 AD2d 472, 472-473 [2003]; *Mohen v Mooney,* 162 AD2d 664, 665 [1990]). The two letters sent by the plaintiffs failed to meet these requirements. The first letter did not inform Picozzi that he would be considered in default if he failed to tender payment on the closing date. The second letter, while supplying the language missing from the first letter, was sent too late to allow Picozzi a reasonable time in which to act. Thus, the plaintiffs failed to demonstrate their prima facie entitlement to judgment as a matter of law. Accordingly, summary judgment was properly denied to the plaintiffs.

Picozzi established his entitlement to judgment as a matter of law with evidence that he had substantially performed his obligations under the contract and was ready, willing, and able to perform (*see EMF Gen. Contr. Corp. v Bisbee,* 6 AD3d 45, 51 [2004]; *Nuzzi Family Ltd. Liab. Co. v Nature Conservacy,* 304 AD2d 631, 632 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact, since they made only unsubstantiated allegations of bad faith (*see W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 164 [1990]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and directing specific performance of the contract of sale.

The plaintiffs' remaining contentions are without merit. Schmidt, J.P., Rivera, Santucci and Balkin, JJ., concur.