■ BEN NEHMADI, Respondent-Appellant, v E. WILLIAM DAVIS, Appellant-Respondent. [882 NYS2d 250]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered January 21, 2009, as denied that branch of his motion which was for judgment on his counterclaim declaring that the plaintiff was in default and that he was entitled to retain a down payment, and the plaintiff cross-appeals from so much of the same order as granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action for specific performance.

Ordered that the order is reversed insofar as cross-appealed from, on the law, and that branch of the defendant's motion which was for summary judgment dismissing the cause of action for specific performance is denied; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

This case involves a contract to sell real property located in Old Westbury, Long Island, owned by the defendant (hereinafter the seller), to the plaintiff (hereinafter the buyer). The contract recited a purchase price of $4,650,000, and a down payment of $750,000. The contract did not make time of the essence regarding the closing date, and it did not contain any mortgage contingency clause. After a series of letters between counsel for the parties regarding, inter alia, the buyer's complaints about conditions on the property, the buyer commenced this action seeking, among other things, specific performance of the contract. Thereafter, by letter dated November 8, 2007, the seller's attorney wrote to the buyer advising him the closing was now scheduled for "December 13, 2007 [at the offices of the seller's attorney], TIME BEING OF THE ESSENCE." On the same date, a second letter was sent to the buyer's attorney by regular mail, which advised, inter alia, that "[the buyer] will

lose his down payment if he fails to close on the newly set closing date of December 13, 2007, time being of the essence." Only the seller's attorney appeared at the scheduled December 13, 2007 closing. No further closing date was ever scheduled.

The seller moved for summary judgment dismissing the complaint and for judgment on his counterclaim declaring that the buyer was in default and that the seller is entitled to retain the down payment. The buyer opposed the motion, arguing that the seller did not effectively make time of the essence, and requesting that the court deny the seller's motion in its entirety.

The Supreme Court concluded that the buyer was not entitled to specific performance and granted that branch of the seller's motion which was for summary judgment dismissing the cause of action for specific performance. The court also concluded that although the seller informed the buyer that time was of the essence, the seller did not notify the buyer that he would be in default if he did not perform by that date, and therefore the seller was not entitled to retain the down payment. The seller appeals and the buyer cross-appeals.

Where time is not made of the essence in the original contract for the sale of real property, a party may subsequently give notice to that effect (see Guippone v Gaias, 13 AD3d 339 [2004]; Mohen v Mooney, 162 AD2d 664 [1990]). The notice setting a new date for the closing must (1) give clear, distinct, and unequivocal notice that time is of the essence, (2) give the other party a reasonable time in which to act, and (3) inform the other party that if he does not perform by the designated date, he will be considered in default (see Moray v DBAG, Inc., 305 AD2d 472 [2003]). Here the "time of the essence" letter sent to the buyer did not contain language informing him that he risked default by not appearing at the closing. Furthermore, contrary to the seller's contention, in light of the terms of the parties' contract, which required notice directly to the buyer, the letter which was sent to the buyer's attorney cannot be utilized to cure the deficiency in the time of essence letter sent to the buyer (see Ennin v Carion, 230 AD2d 888 [1996]; see also D. A. D. Rest. v Anthony Operating Corp., 139 AD2d 485 [1988]). Accordingly, the seller failed to demonstrate that he effectively made the December 13, 2007 closing a time of the essence closing date (see Cave v Kollar, 296 AD2d 370 [2002]; Tarlo v Robinson, 118 AD2d 561 [1986]; see also Marcantonio v Picozzi, 46 AD3d 522 [2007]; Moray v DBAG, Inc., 305 AD2d 472 [2003]; cf., Guippone v Gaias, 13 AD3d 339 [2004]). Consequently, the buyer cannot be considered in default for failing to appear at

the closing (*see Cave v Kollar*, 296 AD2d 370 [2002]; *see also 3M Holding Corp. v Wagner*, 166 AD2d 580 [1990]; *Savitsky v Sukenik*, 240 AD2d 557 [1997]). Thus the court correctly concluded that, at this juncture of the lawsuit, the seller was not entitled to a judgment declaring that he was entitled to retain the down payment.

However, the court erred in granting that branch of the seller's motion which was for summary judgment dismissing the cause of action for specific performance. In order to establish his prima facie entitlement to judgment on this motion, the seller had to establish not only that he was ready, willing, and able to close on the December 13, 2007, closing date, but also that the buyer was in default (*see Iannucci v 70 Washington Partners, LLC*, 51 AD3d 869 [2008]; *Nissenbaum v Ferazzoli*, 171 AD2d 654 [1991]). Since there was never a time of the essence closing, nor even a future scheduled closing date, it cannot be concluded that the buyer willfully defaulted or was unable to tender his performance. Under such circumstances, the seller did not demonstrate his prima facie entitlement to summary judgment (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The parties' remaining contentions are without merit. Santucci, J.P., Covello, Leventhal and Belen, JJ., concur.