In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Kings County (Demarest, J.), dated September 7, 2012, which denied its motion for summary judgment dismissing the amended complaint and cancelling a notice of pendency filed by the plaintiff in connection with the real property, and on its counterclaims to recover damages for the alleged improper filing of the notice of pendency and for breach of contract, and, upon, in effect, searching the record, directed the dismissal of the counterclaims on the merits.
Ordered that the order is affirmed, with costs.
The defendant Ulano Corporation (hereinafter the seller) entered into a contract to sell commercial real property located on Dean Street in Brooklyn to the plaintiff, Revital Realty Group, LLC (hereinafter the buyer). The parties agreed to a purchase price of $4,550,000, with the buyer depositing, in escrow, pending the closing, a down payment of $200,000, to be made in two payments. The contract was dated November 30, *903 2011, and specified that the closing was to be held on the “one hundred twentieth (120th) day following the date of this contract,” i.e., March 29, 2012. The contract did not make time of the essence regarding the closing date, and it did not contain any mortgage contingency clause.
In a letter dated March 13, 2012, the seller’s attorney wrote to the buyer’s attorney, reminding him that the closing was scheduled for “March 29, 2012,” and proclaiming that “[s]uch date is time of the essence to the Contract.” In a letter dated March 19, 2012, the buyer’s attorney asserted that “there is no time of the essence clause in the subject contract of sale,” “no time of the essence demand can be made prior to the 120th day following the date of the contract of sale,” and “under well established contract law, [the buyer] is entitled to a reasonable opportunity to close after said 120th day.” In a letter dated March 20, 2012, the seller’s attorney rejected this argument and advised, inter alia, that the “Closing will take place on March 29, 2012 at our offices commencing at 10:00 AM,” that “the Seller is ready, willing and able to Close,” and that the buyer “will be in default if it fails to close on such date and time.” In a letter dated March 21, 2012, the buyer’s attorney set April 25, 2012, as a closing date without specifying a reason for the adjournment, but warned that, should the seller not agree to an April 25 closing date by March 23, 2012, “we shall file a lis pendens in light of the anticipatory breach of contract and will seek specific performance of the contract.” On the same date, the seller’s attorney sent a letter explaining its “per diem expenses ... in maintaining the Property” and enclosing a proposed amendment to the contract as a condition to granting the adjournment.
On March 28, 2012, the buyer commenced this action seeking specific performance of the contract and filed a notice of pendency against the property. Only the seller’s attorney appeared at the March 29, 2012, closing. No further closing date was ever scheduled. On April 25, 2012, the buyer served an amended complaint adding a second cause of action alleging breach of contract seeking, in the alternative, the return of its down payment. The seller interposed an answer asserting two counterclaims seeking damages for the alleged inappropriate filing of a notice of pendency and for breach of contract.
After issue was joined, the seller moved for summary judgment dismissing the amended complaint and cancelling the notice of pendency, and on its counterclaims. The Supreme Court denied the motion and, upon, in effect, searching the record, dismissed the seller’s counterclaims.
*904 When a contract for the sale of real property does not make time of the essence, the law permits a reasonable time in which to tender performance, regardless of whether the contract designates a specific date for performance (see Grace v Nappa, 46 NY2d 560, 565 [1979]; Sohayegh v Oberlander, 155 AD2d 436, 438 [1989]; Zev v Merman, 134 AD2d 555, 557 [1987], affd 73 NY2d 781 [1988]). What constitutes a reasonable time to perform turns on the circumstances of the case (see Zev v Merman, 134 AD2d at 558). Time may be made of the essence by “clear, distinct, and unequivocal notice to that effect giving the other party a reasonable time in which to act” (id. at 557; see 3M Holding Corp. v Wagner, 166 AD2d 580, 581 [1990]; Sohayegh v Oberlander, 155 AD2d at 438).
Here, the contract provided for a closing to take place on March 29, 2012, but did not make time of the essence (see DeCicco v Staehle, 11 AD3d 425, 425 [2004]; Savitsky v Sukenik, 240 AD2d 557, 558 [1997]). Further, as a matter of law, the seller’s attorney’s letter of March 13, 2012, proclaiming “time of the essence” with respect to the closing date was premature (see Savitsky v Sukenik, 240 AD2d at 558; 3M Holding Corp. v Wagner, 166 AD2d at 581) and failed to afford the buyer a reasonable time after the March 29, 2012, closing date set forth in the contract within which to perform (see Zev v Merman, 134 AD2d at 557). Accordingly, the seller failed to demonstrate that it effectively made the March 29, 2012, closing a time of the essence closing date (see Cave v Rollar, 296 AD2d 370, 372 [2002]; Tarlo v Robinson, 118 AD2d 561, 565 [1986]; see also Marcantonio v Picozzi, 46 AD3d 522, 524 [2007]), and the buyer was entitled to a reasonable adjournment of the closing date (see DeCicco v Staehle, 11 AD3d at 425; Savitsky v Sukenik, 240 AD2d at 559). Consequently, the buyer cannot be considered in default for failing to appear at the March 29, 2012, closing (see Nehmadi v Davis, 63 AD3d 1125, 1127-1128 [2009]; Cave v Rollar, 296 AD2d at 372; see also Savitsky v Sukenik, 240 AD2d at 558; 3M Holding Corp. v Wagner, 166 AD2d at 581).
Further, since the seller was the party moving for summary judgment, it had the burden of demonstrating “the absence of a triable issue of fact regarding whether the plaintiff was ready, willing, and able to close” (Knopff v Johnson, 29 AD3d 741, 742 [2006]; see Iannucci v 70 Washington Partners, LLC, 51 AD3d 869, 871-872 [2008]). However, the seller failed to show that the buyer was not ready, willing, and able to close the transaction within a reasonable time after the contractual closing date (see Pesa v Yoma Dev. Group, Inc., 18 NY3d 527, 533-534 [2012]). Since the seller failed to establish its entitlement to judgment *905 as a matter of law, we need not consider the sufficiency of the buyer’s opposing papers (see Iannucci v 70 Washington Partners, LLC, 51 AD3d at 872).
The seller’s remaining contention is without merit. Balkin, J.E, Lott, Austin and Miller, JJ., concur. [Prior Case History: 36 Misc 3d 1240.]