Kok Chai Lee v Robertson (2018 NY Slip Op 06520)





Kok Chai Lee v Robertson


2018 NY Slip Op 06520


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2017-08132
 (Index No. 510341/16)

[*1]Kok Chai Lee, et al., appellants, 
v
Allison A. Robertson, et al., respondents.


The Law Office of Joseph Yau, PLLC, New York, NY, for appellants.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated April 20, 2017. The order denied the plaintiffs' motion for summary judgment on the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiffs, as buyers, and the defendants, as sellers, entered into a contract for the sale of certain real property located in Brooklyn. The contract provided that the closing would take place on or about 60 days after the plaintiffs' attorney received a fully executed contract, i.e., approximately February 29, 2016.
After the plaintiffs obtained a loan commitment from their lender and a title report, they sought to schedule a closing, but the defendants allegedly were nonresponsive. With their loan commitment allegedly due to expire at the end of May 2016, on May 10, 2016, the plaintiffs' attorney served a time-of-the-essence letter, by overnight mail, setting a law date of May 23, 2016. The plaintiffs, along with their lender, appeared on the law date, at the time and place noticed, with funds to close title. The defendants did not appear at the closing.
The plaintiffs thereafter commenced this action for specific performance of the contract and to recover damages. After the defendants answered the complaint, the plaintiffs moved for summary judgment on the complaint. The Supreme Court denied the motion, concluding that there was a question of fact regarding the reasonableness of the plaintiffs' time-of-the-essence notice. The plaintiffs appeal.
In order to make time of the essence, where the contract does not provide for same, "there must be a clear, distinct, and unequivocal notice to that effect giving the other party a reasonable time in which to act" (Zev v Merman, 134 AD2d 555, 557, affd 73 NY2d 781; see Point Holding, LLC v Crittenden, 119 AD3d 918, 919; Revital Realty Group, LLC v Ulano Corp., 112 AD3d 902, 904). Despite arguments that the plaintiffs raise to the contrary, there is no specific time period that is per se adequate, since "[w]hat constitutes a reasonable time for performance depends upon the facts and circumstances of the particular case," and "[t]he determination of reasonableness must by its very nature be determined on a case-by-case basis" (Ben Zev v Merman, 73 NY2d at 783; see Revital Realty Group, LLC v Ulano Corp., 112 AD3d at 904; Hegeman v Bedford, 5 AD3d 632, [*2]632). "Included within a court's determination of reasonableness are the nature and object of the contract, the previous conduct of the parties, the presence or absence of good faith, the experience of the parties and the possibility of prejudice or hardship to either one, as well as the specific number of days provided for performance" (Ben Zev v Merman, 73 NY2d at 783).
Under the circumstances presented here, the plaintiffs failed to establish, prima facie, that the time-of-the-essence letter provided the defendants with a reasonable time within which to close (see Marcantonio v Picozzi, 46 AD3d 522, 524; Sternlicht v Ferrara, 35 AD3d 440). Furthermore, by submitting certain email exchanges between the parties' attorneys concerning the scheduling of the closing, the plaintiffs failed to eliminate triable issues of fact as to whether the defendants objected to the plaintiffs' attempt to declare a law date (cf. International Baptist Church, Inc. v Fortini, 20 AD3d 507, 509; Guippone v Gaias, 13 AD3d 339, 340; Eichenstein v Glassman, 302 AD2d 421, 422).
Since the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law, we agree with the Supreme Court's determination to deny their motion, without consideration of the sufficiency of the defendants' opposing papers (see Revital Realty Group, LLC v Ulano Corp., 112 AD3d at 904-905; Iannucci v 70 Wash. Partners, LLC, 51 AD3d 869, 871; Cave v Kollar, 296 AD2d 370, 372; see also Marcantonio v Picozzi, 46 AD3d at 524).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court