Olden Group, LLC v 2890 Review Equity, LLC (2022 NY Slip Op 05697)

Olden Group, LLC v 2890 Review Equity, LLC

2022 NY Slip Op 05697

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
SHERI S. ROMAN
JOSEPH J. MALTESE, JJ.

2019-03645
2019-03647
 (Index No. 705889/18)

[*1]Olden Group, LLC, appellant, 
v
2890 Review Equity, LLC, et al., respondents.

Lonuzzi & Woodland, LLP, Brooklyn, NY (John Lonuzzi and Mischel & Horn, P.C. [Scott T. Horn], of counsel), for appellant.
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Nelida Lara and Peter S. Dawson of counsel), respondent pro se and for respondents 2890 Review Equity, LLC, and 2890 Review TIC Owner, LLC.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from two orders of the Supreme Court, Queens County (Marguerite A. Grays, J.), both dated March 29, 2019. The first order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint. The second order granted the defendants' motion pursuant to CPLR 6512 and 6514(a) to cancel a notice of pendency filed by the plaintiff against the subject real property.
ORDERED that the first order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action for a judgment declaring that the defendant DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, is required to release from escrow to the plaintiff an alleged option agreement to purchase certain real property and that the plaintiff is entitled to specific performance of the alleged option agreement, and adding thereto a provision deeming that branch of the defendants' motion to be for a judgment declaring that the defendant DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, is not required to release from escrow to the plaintiff the alleged option agreement to purchase certain real property and that the plaintiff is not entitled to specific performance of the alleged option agreement, and thereupon granting that branch of the motion; as so modified, the first order is affirmed insofar as appealed from, and the matter is remitted to Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the defendant DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, is not required to release from escrow to the plaintiff the alleged option agreement to purchase certain real property and that the plaintiff is not entitled to specific performance of the alleged option agreement; and it is further,
ORDERED that the second order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In April 2018, the plaintiff commenced this action against the defendants 2890 [*2]Review Equity, LLC, and 2890 Review TIC Owner, LLC (hereinafter together the 2890 Review defendants), which owned certain real property in Long Island City (hereinafter the property), and the defendant DelBello Donnellan Weingarten Wise & Wiederkehr, LLP (hereinafter DelBello), the law firm representing the 2890 Review defendants, alleging causes of action for breach of contract, fraud, constructive trust, declaratory judgment, and a permanent injunction. The complaint alleged that in August 2016, the plaintiff and the 2890 Review defendants entered into an option agreement which purportedly granted the plaintiff an option to purchase the property, that on February 19, 2018, the plaintiff notified the 2890 Review defendants that it was exercising its option to purchase the property, and that the 2890 Review defendants breached the option agreement by failing to deliver the property to the plaintiff. The complaint further alleged that the plaintiff entered into an agreement with DelBello to hold the option agreement in escrow and that DelBello breached its agreement with the plaintiff by failing to preserve the option agreement and/or denying its existence. As exhibits to the complaint, the plaintiff attached, inter alia, an unsigned draft of the option agreement and a copy of the notice, dated February 19, 2018, which the plaintiff sent to the 2890 Review defendants, purportedly exercising its option under the alleged option agreement.
The defendants subsequently moved, inter alia, pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint as barred by the statute of frauds and for failure to state a cause of action. Among other things, the defendants contended that the 2890 Review defendants never entered into an option agreement with the plaintiff, that no such option agreement was ever executed by the parties, and that DelBello had neither knowledge nor possession of the alleged option agreement. The defendants separately moved pursuant to CPLR 6512 and 6514(a) to cancel the notice of pendency filed by the plaintiff against the property.
By order dated March 29, 2019, the Supreme Court, inter alia, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the statute of frauds, as the record was devoid of an executed option agreement. In a second order, also dated March 29, 2019, the court granted the defendants' separate motion pursuant to CPLR 6512 and 6514(a) to cancel the notice of pendency filed by the plaintiff against the property. The plaintiff appeals.
An option agreement for the sale of real property must comply with the requirements of the statute of frauds and, therefore, is unenforceable unless it is in writing and subscribed by the party to be charged (see General Obligations Law § 5-703; Makris v Boylan, 175 AD3d 1400, 1401; Keiser v Todd, 290 AD2d 492; Delfino v Estate of Parkinson, 159 AD2d 476, 477). On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) based on the statute of frauds, the court is required to accept the facts as alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference (see Faison v Lewis, 25 NY3d 220, 224; Makris v Boylan, 175 AD3d at 1401). Applying this standard to the plaintiff's allegations in the complaint and given the factual dispute between the parties as to the existence of the option agreement, the Supreme Court should not have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the statute of frauds (see Makris v Boylan, 175 AD3d at 1401-1402; Luckel v Kolinsky, 160 AD2d 1172, 1173).
Although the Supreme Court did not reach that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action, we reach that branch of the motion as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539; Park Slope Auto Ctr., Inc. v Papa, 190 AD3d 754; Matter of Agoglia v Benepe, 84 AD3d 1072, 1075). "On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Murphy v Department of Educ. of the City of N.Y., 155 AD3d 637, 638 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88; Phillips v Taco Bell Corp., 152 AD3d 806, 807).
"The essential elements of a cause of action to recover damages for breach of contract [*3]are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal, 199 AD3d 881, 886 [internal quotation marks omitted]; see WMC Realty Corp. v City of Yonkers, 193 AD3d 1018, 1021-1022; Lewis & Murphy Realty, Inc. v Colletti, 187 AD3d 731, 732-733). "It is well settled that one attempting to validly exercise an option to purchase real property must strictly adhere to the terms and conditions of the option agreement" (Raanan v Tom's Triangle, 303 AD2d 668, 669; see D. A. D. Rest. v Anthony Operating Corp., 139 AD2d 485, 486). Here, according to the express terms of the unsigned copy of the option agreement, the plaintiff's option to purchase the property expired on August 23, 2017, and, according to the allegations in the complaint, the plaintiff did not attempt to exercise its option until February 19, 2018, after its time to do so had expired (see Richmond v Miele, 30 AD3d 575, 576; DeCicco v Staehle, 11 AD3d 425; Galapo v Feinberg, 266 AD2d 150, 151). Contrary to the plaintiff's contention, a January 10, 2017, email chain, which the plaintiff submitted in opposition to the defendants' motion, did not provide notice to the 2890 Review defendants in accordance with the terms of the alleged option agreement, and thus, was of no effect (see DeCicco v Staehle, 11 AD3d at 425; D. A. D. Rest. v Anthony Operating Corp., 139 AD2d at 486; see also Pfeifer v Groisman, 123 AD3d 684, 685). Further, as the plaintiff failed to exercise its option prior to the expiration date in the alleged option agreement, the plaintiff did not suffer any damages from DelBello's alleged failure to hold the alleged option agreement in escrow (see Parker Waichman LLP v Squier, Knapp & Dunn Communications, Inc., 138 AD3d 570, 571; Arcidiacono v Maizes & Maizes, LLP, 8 AD3d 119, 120; Gordon v Dino De Laurentiis Corp., 141 AD2d 435, 436; see also Bronx, LLC v Washington Tit. Ins. Co., 73 AD3d 673, 674; Lexington 360 Assoc. v First Union Natl. Bank of N. Carolina, 234 AD2d 187, 190).
"The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (Mesivta & Yeshiva Gedolah of Manhattan Beach v VNB N.Y., LLC, 197 AD3d 703, 705 [internal quotation marks omitted]; see Kastin v GEICO Gen. Ins. Co., 190 AD3d 710, 712). A cause of action premised upon fraud cannot lie where it is based on the same allegations as a breach of contract claim (see Michael Davis Constr., Inc. v 129 Parsonage Lane, LLC, 194 AD3d 805, 807; Heffez v L & G Gen. Constr., Inc., 56 AD3d 526, 527). Here, the allegations which form the basis of the cause of action alleging fraud are the same as those underlying the breach of contract causes of action (see Michael Davis Constr., Inc. v 129 Parsonage Lane, LLC, 194 AD3d at 807; Doukas v Ballard, 135 AD3d 896, 897). Further, the plaintiff's failure to exercise its option prior to the expiration date in the alleged option agreement nullified any possible damages stemming from the defendants' alleged fraud.
The elements of a constructive trust are (1) a confidential or fiduciary relationship between the parties, (2) a promise, (3) a transfer of an asset in reliance upon a promise, and (4) unjust enrichment flowing from the breach of the promise (see County of Nassau v Expedia, Inc., 120 AD3d 1178, 1181). Here, dismissal of the cause of action for constructive trust was warranted, as the complaint, even as amplified by the plaintiff's submissions in opposition to the defendants' motion, failed to sufficiently allege the existence of a confidential or fiduciary relationship between the plaintiff and the defendants (see Miller v Falco, 170 AD3d 707, 709).
In light of the foregoing, the separately pleaded cause of action for a permanent injunction was also subject to dismissal (see Hogue v Village of Dering Harbor, 199 AD3d 900, 903; Ajie Chen v Deliso, 169 AD3d 761, 762).
Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the breach of contract, fraud, constructive trust, and permanent injunction causes of action. Further, the plaintiff was not entitled to a judgment declaring that DelBello is required to release from escrow to the plaintiff the alleged option agreement and that the plaintiff is entitled to specific performance of the alleged option agreement. "[U]pon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented [by the controversy]. Under such circumstances, the motion to dismiss the [*4]cause of action for failure to state a cause of action should be treated as one seeking a declaration in [the] defendant's favor and treated accordingly" (Neuman v City of New York, 186 AD3d 1523, 1525 [citations and internal quotation marks omitted]; see O'Donnell & Sons, Inc. v New York State Dept. of Taxation & Fin., 193 AD3d 1063, 1064-1065). Applying these principles here, the defendants are entitled to a declaration in their favor. Accordingly, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that Delbello is not required to release from escrow to the plaintiff the alleged option agreement and that the plaintiff is not entitled to specific performance of the alleged option agreement (see Lanza v Wagner, 11 NY2d 317, 334).
Finally, in view of our determination and the plaintiff's failure to serve the summons and complaint within 30 days of the filing of the notice of pendency, the Supreme Court properly granted the defendants' motion pursuant to CPLR 6512 and 6514(a) to cancel the notice of pendency filed by the plaintiff against the property (see id. §§ 6512, 6514[a]; Deans v Sorid, 56 AD3d 417, 418).
DILLON, J.P., CONNOLLY, ROMAN and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court