■ HENRY SPENCE, Respondent-Appellant, v VIRGINIA B. CURRY, Appellant-Respondent.—In an action, *inter alia,* to compel specific performance of a contract to convey real property, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Rubenfeld, J.), entered May 29, 1985, as denied her motion for summary judgment dismissing the complaint and granted that branch of the plaintiff's cross motion which was for summary judgment on his cause of action to compel specific performance, and the plaintiff cross-appeals from so much of the same order as denied that branch of his cross motion which was for summary judgment on his second cause of action to recover damages for a breach of contract.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff.

According to the terms of the contract entered into by the parties, the contract was conditioned upon the purchaser

obtaining a mortgage loan commitment within 45 days of the execution of the contract. By subsequent written agreement of the parties, the plaintiff was granted an extension of the time to obtain a mortgage commitment through January 1, 1985. The plaintiff obtained the commitment by means of a letter, dated December 17, 1984, from a lending institution approving his application for a mortgage loan.

The contract provided that the closing was to take place on January 31, 1985. The contract did not specify that time was to be of the essence, and the defendant did not subsequently give notice to the plaintiff to that effect. No closing took place on January 31, 1985. On February 6, 1985, the defendant unilaterally canceled the contract, and on or about February 20, 1985, the plaintiff commenced the instant action by service of the summons and complaint. The defendant's affidavits raise no triable issue as to any of the foregoing facts.

Time is not of the essence in a contract to convey real property in the absence of a provision making it so, except by clear, unequivocal notice by one of the parties or if special circumstances surrounding its execution so require *(see, Tarlo v Robinson,* 118 AD2d 561, 565; *76 N. Assoc. v Theil Mgt. Corp.,* 114 AD2d 948). Assuming, arguendo, that, as is contended by the defendant, the plaintiff failed to tender performance before commencing the instant action, such tender was rendered unnecessary by the defendant's unilateral cancellation of the contract *(see, Glauber v P.S.F.B. Assoc.,* 89 AD2d 576; *Lo Biondo v D'Auria,* 45 AD2d 735). The defendant's remaining contentions pertaining to the plaintiff's cause of action for specific performance are without merit.

Inasmuch as the defendant's denial of the plaintiff's allegation concerning damages for breach of contract and the defendant's affidavits raise triable issues bearing on the defendant's liability for damages, as well as on the amount of damages, the plaintiff's cross motion for summary judgment on his second cause of action was properly denied *(see,* CPLR 3212 [b]). Thompson, J. P., Niehoff, Rubin and Eiber, JJ., concur.