■ ELEANOR B. SWEZEY, Respondent, v MARTIN MARRA et al., Appellants.—In an action for specific performance of a contract for the sale of real property, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated November 16, 1987, as denied their motion for summary judgment dismissing the complaint, for an award to the defendants Martin Marra and Ann L. Marra of liquidated damages pursuant to the contract, and to vacate a notice of pendency filed against the property by the plaintiff.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the

defendants' motion which were for summary judgment dismissing the complaint and to vacate the notice of pendency and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants, and the defendants are directed to return to the plaintiff her down payment of $15,500, within 30 days after service upon them of a copy of this decision and order, with notice of entry.

The record reveals that the contract of sale for the property of the defendants Martin Marra and Ann L. Marra, dated March 12, 1986, set the date of closing as May 10, 1986. A rider to the contract further provided that the plaintiff purchaser agreed to "do all that is reasonably necessary to attempt to close this transaction by 5/10/86, and in no event later than 5/31/86". The agreement was conditioned upon the plaintiff obtaining a firm mortgage commitment in the amount of $90,000 within 45 days of the contract date, a condition which she was unable to fulfill.

Thereafter, on May 21, 1986, the attorney for the defendants Marra sent a certified letter to the attorney for the plaintiff which set the date of closing as May 30, 1986, and which expressly stated that time was of the essence. The plaintiff subsequently discovered that the sale of her own home, the proceeds of which she needed to finance her purchase of the instant property, would not be consummated as anticipated, and she notified the defendants Marra of this fact. The plaintiff then made an amended mortgage application, seeking $132,000 in financing. Although she apparently received oral notification of a mortgage commitment in this amount on May 29, 1986, the lending institution could not participate in a closing until the week of June 2, 1986, or thereafter.

Meanwhile, in need of funds from the sale of the subject property to pay off debts and to close on another house by June 2, 1986, the defendants Marra entered into a contract for the sale of the subject property to the defendant B&B Realty Company on May 30, 1986, and received a partial payment of $25,000 on that date. On June 9, 1986, the defendants Marra conveyed title to the premises to the defendant B&B Realty Company. Under the circumstances, we conclude that the Supreme Court, Suffolk County, erred in denying those branches of the defendants' motion which were for summary judgment dismissing the complaint and vacatur of the notice of pendency filed against the property by the plaintiff.

In view of the fact that the contract called for the closing to

take place "on or about May 10, 1986" and the rider stipulated that the transaction was to close "in no event later than 5/31/86", the agreement clearly evinces an intention of the parties to make time of the essence in consummating the sale. This conclusion is further borne out by the letter from the attorney for the defendants Marra, which provided the plaintiff with reasonable notice that the closing was to be held on May 30, 1986, and which expressly emphasized that time was of the essence. Moreover, the record demonstrates that the defendants Marra needed to close title on the subject premises by May 31, 1986, and that the plaintiff was well aware of this fact. Hence, the language of the contract, when coupled with the foregoing circumstances, clearly belies the plaintiff's claim that a triable issue of fact exists with respect to the question of whether time was of the essence. Because the plaintiff was unable to close on May 30, 1986, and, indeed, indicated that she could not close until the week of June 2, 1986, or thereafter, the defendants Marra were released from their obligations under the contract. Accordingly, the defendants are entitled to summary judgment dismissing the complaint and vacatur of the notice of pendency.

However, we find that the defendants Marra are not entitled to retain the plaintiff's down payment on the premises. The parties' contract expressly provides that the retention of the down payment as liquidated damages is only permitted in the event of the plaintiff's "willful default" in the performance of her obligations thereunder. The term "willful" as used in this context generally describes action or inaction which is intentional, voluntary, knowing or designed (see, Black's Law Dictionary, at 1434 [5th ed 1979]; see also, United States v Murdock, 290 US 389, 394). The record before us indicates that the plaintiff obtained adequate financing and was willing to close on the property by May 30, 1986, but was unable to do so because her lending institution could not participate in a closing until June 2, 1986, or thereafter. Given these circumstances, we conclude that the plaintiff's failure to close was not "willful"; hence she is entitled to the return of her down payment. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.