■ DOMINICK SQUICCIARINI et al., Appellants, v PARK RIDGE AT TERRYVILLE ASSOCIATES, Respondent. [605 NYS2d 372] —In an action to recover the down payment on a contract for the sale of real property, in which defendant counterclaimed to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from (1) stated portions of an order of the Supreme Court, Suffolk County (Gerard, J.), dated August 13, 1991, which, inter alia, upon reargument, granted the defendant's cross motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered October 8, 1991, which is in favor of the defendant and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, so much of the order as granted the defendant's cross motion for summary judgment is vacated, the cross motion is denied, and the complaint is reinstated; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The plaintiffs and the defendant entered into a contract wherein the defendant agreed to construct and sell a house to the plaintiffs. The seller did not deliver title to the buyer by October 1, 1989, as was required by the contract. On October 2, 1989, the plaintiffs' attorney sent a letter to the defendant's attorney, canceling the contract and demanding the return of the down payment. By letter dated October 5, 1989, the defendant's attorney rejected the plaintiffs' attorney's notice of cancellation. The defendant's attorney noted that the plaintiffs' continuous rejection of work and insistence on changes in construction caused substantial delays in the progress of construction, thereby constituting a waiver of the plaintiffs right to completion of the dwelling by October 1, 1989. The Supreme Court, *inter alia,* granted the defendant's cross motion for summary judgment, finding that time was not of the essence and that the plaintiffs failed to give the defendant a reasonable time to perform after October 1, 1989.

The contract provided: "[Deed] shall be delivered upon receipt of said payments at the office designated by the lending institution accepting the mortgage on or about August 1, 1989. In the event that seller is unable or fails to deliver title by October 1, 1989, the sole remedy of the purchaser is to elect to cancel this contract, in which event all monies paid hereunder, less the amounts provided in Paragraph 10 of this contract, shall be refunded and this contract shall be deemed null and void." As of October 1, 1989, time was clearly of the essence *(see, Kulanski v Celia Homes,* 7 AD2d 1006; *Delegated Props. v Lewis,* 36 AD2d 766). We therefore find that the Supreme Court erroneously granted summary judgment to the defendant.

Inasmuch as the defendant's affidavit raises triable issues of fact, we find that the Supreme Court properly denied the plaintiffs summary judgment *(see,* CPLR 3212 [b]; *Spence v Curry,* 126 AD2d 632). O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.