■ KEVIN WHITNEY et al., Respondents, v HARLOW PERRY, Appellant. [617 NYS2d 395] —Mikoll, J. P. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), entered April 20, 1993, which, *inter alia,* granted plaintiffs' motion for summary judgment.

The question presented on this appeal is whether the language of the purchase and sale agreement, providing that the sale was contingent upon plaintiffs obtaining financing and that the closing was to occur by June 30, 1992 "or as soon thereafter as abstract(s) can be brought up to date but in no event later than sixty (60) days after the scheduled closing date unless this Agreement is extended in writing by all parties thereto", made "time of the essence" entitling defendant to unilaterally cancel the agreement when the closing did not take place within 60 days of June 30, 1992 and the time period was not extended in writing.* The purchase and sale agreement containing the above language was executed in March 1992 by plaintiffs for the purchase of property owned by defendant in the Town of Lisbon, St. Lawrence County. Defendant executed the agreement on April 5, 1992. By letter dated June 11, 1992, defendant's counsel advised that defendant was canceling the agreement because plaintiffs had not obtained their mortgage commitment by the specified date. Plaintiffs' counsel informed defendant that, contrary to defendant's belief, plaintiffs had timely obtained a mortgage commitment in May 1992. Several communications followed.

In a letter dated July 7, 1992, defendant's counsel advised plaintiffs' counsel that the abstract of title was being updated

---

* This case is related to *Boyer Realty v Perry* (208 AD2d 1024 [decided herewith]).

and that the closing documents would be forwarded to him. By letter dated August 24, 1992, defendant's counsel forwarded the proposed deed and closing documents to plaintiffs' counsel for review, with a request for a closing date. The documents forwarded, however, contained errors and the abstracts of title were not current.

By letter dated August 31, 1992, defendant's counsel advised plaintiffs' counsel that defendant was not willing to complete the transaction because the closing did not occur within 60 days of June 30, 1992. Plaintiffs' counsel informed defendant by letter dated September 2, 1992 of the defects in the closing documents and requested that they be cured. By letter dated September 17, 1992, defendant's counsel again stated that defendant refused to close the deal and requested the return of the closing documents. By letter dated September 22, 1992, counsel for plaintiffs notified defendant's counsel that the closing was set for September 29, 1992. Plaintiffs were present on the date set for closing but neither defendant nor his counsel appeared. Plaintiffs thereafter commenced the instant action for specific performance and subsequently moved for summary judgment. Defendant cross-moved for summary judgment. County Court granted plaintiffs' motion and this appeal by defendant ensued.

It has been held that time is never of the essence in real estate contracts, even if a closing date is stated, unless the contract specifically so provides, or if special circumstances surrounding its execution so require (see, Sohayegh v Oberlander, 155 AD2d 436, 438; Andesco, Inc. v Page, 137 AD2d 349, 355-356; Spence v Curry, 126 AD2d 632). Further, where time is not stated to be of the essence in the agreement, a party may give notice making time of the essence provided the notice is clear, distinct and unequivocal, fixes a reasonable time within which to perform and "inform(s) the other party that if he does not perform by that date, he will be considered in default" (Sohayegh v Oberlander, supra, at 438; see also, Exclusive Envelope Corp. v Tal-Spons Corp., 187 AD2d 556).

In the instant matter, the agreement language was insufficient to render time of the essence (see, Exclusive Envelope Corp. v Tal-Spons Corp., supra; see also, Leading Bldg. Corp. v Segrete, 60 AD2d 907, appeal dismissed 44 NY2d 901; but cf., Swezey v Marra, 143 AD2d 827). Nor did defendant serve the required unequivocal notice demanding performance, fixing a reasonable time in which to do so and warning that the failure to close on the date specified would be considered a default. In the absence of such language or subsequent notice,

time was not of the essence. Defendant's counsel caused the delay by tardily serving defective documents and abstracts of title that were not updated. The record is also devoid of any showing that plaintiffs were aware of special circumstances requiring the closing to take place by August 30, 1992. Thus, defendant was not entitled to unilaterally cancel the agreement.

Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.