■ JAMES C. MERCER, Appellant, v ROBERT L. PHILLIPS, Respondent. [676 NYS2d 334] —Carpinello, J. Appeal from that part of an order of the Supreme Court (Williams, J.), entered May 13, 1997 in Saratoga County, which denied plaintiff's motion for summary judgment seeking specific performance of a real estate contract and dismissal of defendant's counterclaim.

By contract dated October 23, 1995, defendant agreed to purchase and plaintiff agreed to sell certain commercial property located in the Town of Clifton Park, Saratoga County. Although the agreement originally provided that the closing would be held within 90 days of the contract date, the parties executed an amendment to the agreement, dated January 4, 1996, which provided that the "Closing date shall be on or before [150] days from the [October 23, 1995] date of execution of this Agreement", i.e., March 23, 1996. This amendment also allowed defendant access to the premises prior to closing to, *inter alia*, "undertake debris removal and demolition work". Thereafter, the parties became involved in a series of disagreements over title problems and plaintiff's demand in February 1996 for an additional $14,000 to compensate him for items that plaintiff claimed defendant improperly removed from the premises.

In the midst of these disagreements, defendant wrote to plaintiff on March 1, 1996, declaring "time to be of the essence" and demanding that the closing occur on March 12, 1996; however, the parties subsequently agreed that this date would be extended due to unresolved title problems. Defendant, in a March 27, 1996 letter, then demanded that the closing occur by March 29, 1996. The parties dispute whether a meeting or an actual closing was subsequently scheduled for April 4, 1996. In any event, a closing did not occur that day and plaintiff thereafter commenced this action seeking specific performance. In his answer, defendant interposed a counterclaim for damages based upon plaintiff's alleged breach of contract. The parties then cross-moved for summary judgment and Supreme Court denied both motions. This appeal by plaintiff followed.

Initially, plaintiff argues that he is entitled to specific perfor-

mance because he was prepared to close on April 4, 1996 and is not in breach of contract as alleged by defendant. It is well settled that before specific performance may be granted, a plaintiff must demonstrate that he or she was ready, willing and able to perform on the original closing date or, if the contract does not make time of the essence, on a subsequent date fixed by the parties, or within a reasonable time thereafter (*see, Provost v Off Campus Apts. Co., II*, 211 AD2d 850, 851). What constitutes "a reasonable time" is generally a question of fact (*Savitsky v Sukenik*, 240 AD2d 557, 558). Time may be made of the essence by a "clear, distinct, and unequivocal notice to that effect giving the other party a reasonable time in which to act" (*Zev v Merman*, 134 AD2d 555, 557, *affd* 73 NY2d 781).

The language in the amended contract extending the closing date to March 23, 1996 was insufficient to establish that date as a time of the essence date (*see, Savitsky v Sukenik, supra*, at 558). Defendant's March 1, 1996 letter purports to make time of the essence; however, the date chosen, March 12, 1996, is *prior* to the closing date set forth in the amendment to the contract and was clearly premature as a matter of law (*see, id.*, at 558; *3M Holding Corp. v Wagner*, 166 AD2d 580). As for defendant's March 27, 1996 letter demanding that the closing occur in the next two days or defendant would "seek legal redress", this notice did not provide plaintiff with a reasonable time to act (*see, 3M Holding Corp. v Wagner, supra*, at 581) and is thus ineffective.

In the absence of an effective declaration of time of the essence, we are left with conflicting proof as to whether, *inter alia*, an actual closing date was set for April 4, 1996, and whether there was an anticipatory breach of the contract by either of the parties as a result of plaintiff's demand for a $14,000 *increase* in the contract price and defendant's later demand for a $10,000 *reduction* in price. These are all questions of fact which must await resolution at trial.

Cardona, P. J., Mikoll, White and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.