(July 18, 2005)

■ ADC ORANGE, INC., Respondent, v COYOTE ACRES, INC., Appellant. [799 NYS2d 148]—

In an action for specific performance of a contract for the sale of real property, the defendant appeals (1) from an order of the Supreme Court, Orange County (McGuirk, J.), dated December 11, 2002, which granted the plaintiff's motion for summary judgment and denied its cross motion for summary judgment dismissing the complaint and on its first counterclaim for a judgment declaring that the plaintiff breached the subject contract and it is entitled to retain the down payment in the sum of $100,000 or, in the alternative, on its second counterclaim for a judgment declaring that the subject contract is terminated and the plaintiff is entitled to a return of the down payment in the sum of $100,000, (2) from a judgment of the same court entered March 4, 2003, which, upon the order dated December 11, 2002, is in favor of the plaintiff and against it, and (3), as limited by its brief, from so much of an order of the same court dated August 3, 2003, as denied that branch of its motion which was for leave to renew and reargue the motion and cross motion.

Ordered that the appeal from the order dated December 11, 2002, is dismissed; and it is further,

Ordered that the appeal from so much of the order dated August 3, 2003, as denied that branch of the defendant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is reversed, on the law, the motion is denied, those branches of the cross motion which were for summary judgment dismissing the complaint and on the first counterclaim are granted, the complaint is dismissed, it is declared that the plaintiff breached the subject contract and that the defendant is entitled to retain the down payment in the sum of $100,000, plus interest, the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment in favor of the defendant and against the plaintiff in the principal sum of $100,000, plus interest, and the order dated December 11, 2002, is modified accordingly; and it is further,

Ordered that the appeal from so much of the order dated August 3, 2003, as denied that branch of the defendant's motion which was for leave to renew is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order dated December 11, 2002, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant seller made a prima facie showing of entitlement to judgment as a matter of law in support of its cross motion for summary judgment (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). In particular, it demonstrated that the plaintiff purchaser failed to make a contractually-required installment payment of $250,000 when due. The contract stated that the foregoing payment was to be made "[u]pon the later of the preliminary [subdivision] approval having been received . . . or December 31, 2001 but in no event later than December 31, 2001." The plaintiff's failure to perform in accordance with this term constituted a material breach of the contract precluding it from obtaining specific performance (*see Grace v Nappa,* 46 NY2d 560, 567 [1979]; *Hooker v Wooten,* 237 AD2d 572 [1997]; *Swezey v Marra,* 143 AD2d 827 [1988]).

In addition, the defendant made a prima facie showing that the plaintiff was not ready, willing, and able to perform under the agreement by obtaining subdivision and site plan approval by the contract deadline of June 30, 2002, or within a reasonable time thereafter. Since a portion of the property to be subdivided was to be retained by the seller, the purchaser was not entitled to waive its obligation to obtain such approvals (*see Lieberman Props. v Braunstein,* 134 AD2d 55, 60 [1987]). In opposition, the plaintiff failed to raise a triable issue of fact, including whether the defendant hindered its ability to obtain the necessary approvals (*see Lieberman Props. v Braunstein, supra*). Accordingly, the Supreme Court should have granted the defendant's cross motion for summary judgment dismissing the complaint and on its first counterclaim.

In support of its motion for summary judgment, the plaintiff failed to make a prima facie showing of entitlement to relief (*see Alvarez v Prospect Hosp., supra*). As such, the Supreme Court should have denied the plaintiff's motion for summary judgment regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]).

The plaintiff's remaining contentions are without merit. Florio, J.P., H. Miller, Cozier and Spolzino, JJ., concur.