■ SANDRA WEINTRAUB, Respondent, v MILJAN STANKOVIC, Appellant. [840 NYS2d 487]—

Kane, J. Appeal from an order of the Supreme Court (Demarest, J.), entered July 13, 2006 in St. Lawrence County, which, inter alia, granted plaintiff's motion for summary judgment dismissing defendant's answer and counterclaim.

In June 2007, the parties entered into a real estate contract whereby plaintiff agreed to sell defendant a residence. The contract set a closing date "on or before September 2, 2005," but not later than 60 days after that date. Defendant allegedly orally informed plaintiff's broker throughout August 2005 that the closing had to occur on September 2, 2005 and that time was of the essence. In late August 2005, defendant learned that plaintiff did not have title to the property. Due to plaintiff's failure to pay real estate taxes, St. Lawrence County obtained title in July 2004 and the property was scheduled to be sold at public auction on October 1, 2005. Upon learning this information, on August 25, 2005, defendant sent an e-mail to plaintiff's broker stating that he would terminate the contract if closing did not occur by September 1, 2005. On September 1, the County issued a quit claim redemption deed to plaintiff which was delivered to plaintiff's counsel to be held in escrow pending receipt of the real property taxes, penalties and interest. The next day, plaintiff's counsel forwarded all necessary title documents to the lender, including a copy of the deed held in escrow. Defendant informed plaintiff that he no longer intended to purchase the property. Plaintiff sold the property to someone else at a lower price and defendant purchased another residence at a higher price.

Plaintiff commenced this breach of contract action to recover damages, including the difference in sale price. Defendant counterclaimed for damages, including the difference in his

purchase price. Plaintiff moved for summary judgment dismissing defendant's answer and counterclaim, and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court dismissed the answer and counterclaim, denied defendant's cross motion and deferred the issue of plaintiff's damages until trial. Defendant appeals.

Time was not of the essence here. Even if a closing date is stated in a real estate contract, time is not of the essence unless the contract specifically so provides (*see Whitney v Perry*, 208 AD2d 1025, 1026 [1994]). A party may give notice that time is considered of the essence, but that notice must be clear, distinct, unequivocal and provide a definite and reasonable time within which to perform (*see Savitsky v Sukenik*, 240 AD2d 557, 558 [1997]; *Whitney v Perry, supra* at 1026). A purported notice mandating a closing date prior to the one in the contract is unreasonable and premature (*see Mercer v Phillips*, 252 AD2d 900, 901 [1998]; *Savitsky v Sukenik, supra* at 558-559). Here, defendant's oral statements to plaintiff's broker did not constitute clear and unequivocal notice to plaintiff that time was of the essence, and his August 25 e-mail to the broker was premature and did not provide a reasonable time to prepare for closing (*see Mercer v Phillips, supra* at 901). Accordingly, defendant did not establish that time was of the essence and he was therefore required to comply with the contract.

While defendant contends that plaintiff's failure to disclose the tax problems and title status of the property amounted to a fraud entitling him to rescind the contract, he never asked for recision. In fact, his counterclaim for breach of contract assumes that the contract was valid and should be interpreted according to its terms. We cannot accept his argument that because recision was potentially available his refusal to go forward with the contract could not amount to a breach.

Defendant's main argument is that plaintiff breached the contract because she could not deliver marketable title (*see Estate of O'Connor v O'Connor-Mosher & Co.*, 61 AD2d 882, 882 [1978]). This argument delves into an interpretation of the local law permitting redemption of property lost in a tax foreclosure, and whether the County acted in violation of that law by providing a deed to be held in escrow prior to receiving payment for the moneys due. We need not involve ourselves in such issues, however. The contract required plaintiff to deliver an abstract of title and tax lien search. It further provided that if defendant's attorney found any defect in title he was required to provide written notice, after which plaintiff would have 30 days to cure the purported defect. Defendant was required to

follow the procedure outlined in the contract. By failing to do so, and instead refusing to consummate the sale, he breached the contract. Accordingly, plaintiff was entitled to have defendant's answer and counterclaim dismissed, and to be awarded summary judgment on liability for her cause of action.

Crew III, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.