■ DANIEL P. MALLEY, Appellant-Respondent, v BARBARA J. MALLEY, Respondent-Appellant. [861 NYS2d 149]—

Kane, J. Cross appeals from an order of the Supreme Court (O'Shea, J.), entered June 18, 2007 in Chemung County, which, among other things, denied plaintiff's motion to compel the sale of the parties' marital residence.

The parties entered into an opting-out agreement which was incorporated into their 2006 judgment of divorce. The agreement required plaintiff to place approximately $75,000 in escrow to be used to pay down the outstanding mortgage on the marital residence prior to refinancing or a sale. Defendant was to attempt, in good faith, to refinance the mortgage in her name alone by a certain date. If she could not obtain a mortgage in her own name, plaintiff agreed to cosign a loan up to a specified amount. If defendant could not proceed to closing with respect to the refinancing, the house was to be sold and the net proceeds distributed to defendant. Defendant obtained a mortgage commitment by the specified date. Plaintiff notified defendant by letter that time was of the essence and set a date, 21 days following the date of the letter, for the closing. When no closing occurred by that date, plaintiff moved to compel the sale of the residence. Defendant cross-moved to compel plaintiff to attend a closing on a subsequent refinance mortgage that she obtained, and to hold plaintiff in contempt for violating the agreement. Supreme Court denied plaintiff's motion and defendant's cross motion for contempt, granted defendant's cross motion to compel plaintiff to participate in the closing on the refinance mortgage and required plaintiff to turn over his 2006 tax returns. Both parties appeal.

Supreme Court properly denied plaintiff's motion to compel the sale of the marital residence. A party seeking specific performance must demonstrate that he or she was "ready, willing and able to perform on the original closing date or, if the contract does not make time of the essence, on a subsequent date fixed by the parties, or within a reasonable time thereafter" (*Mercer v Phillips*, 252 AD2d 900, 901 [1998]). In real estate contracts, time is only of the essence if the contract specifically includes such a clause (*see Weintraub v Stankovic*, 43 AD3d 543, 544 [2007]; *Hamburger v Rieselman*, 206 AD2d 822, 823-824 [1994]). Nevertheless, either party may unilaterally make time of the essence by providing notice that is clear, distinct, unequivocal regarding its purpose, gives a reasonable time for the other party to act, and informs the party that failure to perform by the stated date will constitute a default (*see Weintraub v Stankovic*, 43 AD3d at 544; *Mercer v Phillips*, 252 AD2d at 901;

*Hamburger v Rieselman*, 206 AD2d at 824). "What constitutes a reasonable time for performance depends upon the facts and circumstances of the particular case" (*Ben Zev v Merman*, 73 NY2d 781, 783 [1988] [citations omitted]; *see Savitsky v Sukenik*, 240 AD2d 557, 558 [1997]).

Here, plaintiff's letter to defendant clearly informed her that time was of the essence and that he would require a sale of the residence if she did not close on the refinance mortgage by the specified date. The question is whether 21 days was a reasonable time limit under the circumstances. We find that it was not. Defendant attempted in good faith to obtain a mortgage commitment by the date in the agreement and timely obtained such a commitment. She regularly kept plaintiff abreast of her efforts and progress in satisfying the prerequisites to obtaining that mortgage. She informed plaintiff of her difficulties in satisfying judgments and obtaining satisfactions or releases, thus making him aware that closing by the chosen date would probably not be possible. Plaintiff has taken the position that, by the terms of the opting-out agreement, he is absolved of his responsibility of paying increased maintenance to defendant if she does not refinance the mortgage; this position provides him with an incentive not to cooperate but, instead, to frustrate the refinancing. Under these circumstances, the law date selected by plaintiff was unreasonable and his letter failed to make time of the essence (*see Savitsky v Sukenik*, 240 AD2d at 558-559; *compare Zev v Merman*, 134 AD2d 555, 558 [1987], *affd* 73 NY2d 781 [1988]).

While courts may order specific performance to enforce terms of a separation agreement, they are reluctant to issue such an order if it would cause hardship to one spouse without any gain or utility to the other (*see generally Terjen v Terjen*, 143 AD2d 341, 341 [1988]; *Martin v Martin*, 5 AD2d 307, 309-310 [1958]; *Norris v Norris*, 140 NYS2d 217, 221 [1955]; *see also Ben Zev v Merman*, 73 NY2d at 783). Leaving aside plaintiff's argument concerning maintenance, which is not before us, his financial position will be the same if the residence is sold or refinanced in defendant's name alone, as she is entitled to the net proceeds of a sale. On the other hand, a forced sale would deprive defendant of her home. Defendant and her mortgage broker stated that she was ready, willing and able to close on her subsequent refinance mortgage only a few days after the law date selected by plaintiff (*compare Madison Invs. v Cohoes Assoc.*, 176 AD2d 1021, 1022 [1991], *lv dismissed* 79 NY2d 1040 [1992]). Balancing the equities, Supreme Court correctly denied plaintiff's request that the residence be sold and granted defendant's

request for an order requiring plaintiff to cooperate with the closing.

Supreme Court did not abuse its discretion in denying defendant's cross motion to hold plaintiff in contempt (*see Davis-Taylor v Davis-Taylor*, 4 AD3d 726, 728 [2004]). The court also properly ordered plaintiff to turn over only his 2006 tax returns (*cf. MacKinnon v MacKinnon*, 245 AD2d 690, 691 [1997]). Although defendant sought plaintiff's 2005 tax returns as well, she waived her right to obtain those documents or contest his income in that year when, in 2006, she signed the opting-out agreement which stated that both parties had full disclosure.

Mercure, J.P., Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.