Order, Supreme Court, New York County (Joan A. Madden, J.), entered April 26, 2012, which granted a motion by pro se plaintiffs former counsel Meister Seelig and Fein to the extent of directing it to pay $14,000 it was holding in escrow to Travelers Bond and Financial Products, the insurer of defendant Cooper Square Realty, Inc., granted Cooper Square’s cross motion to compel Meister Seelig to release the $14,000 to Travelers, and denied plaintiffs motion to retain a portion of the $14,000 as liquidated damages or to rescind the settlement agreement, unanimously affirmed, without costs.
The court properly denied plaintiffs request to rescind the settlement agreement where plaintiff failed to show that defendants’ delay of two days in making full payment on the settlement agreement was a material and willful breach, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract (see Callanan v Keeseville, Ausable Chasm & Lake Champlain R.R. Co., 199 NY 268, 284 [1910]; Lasker-Goldman Corp. v City of New York, 221 AD2d 153 [1st Dept 1995], lv dismissed 87 NY2d 1055 [1996]). This minor delay in full payment is immaterial in light of the fact that there is no indication in the agreement that time was of the essence with respect to the payment of the settlement amount (see Luo v Main St. Assoc., 212 AD2d 675 [2d Dept 1995]), or other special circumstances surrounding the execution of the agreement indicating as much (see Whitney v Perry, 208 AD2d 1025 [3d Dept 1994]). Nor did plaintiff show that the delays in payment were willful.
Given the absence of a contractual provision providing that defendants would be in default upon failure to make full pay *420 ment upon the specified date or providing for liquidated damages in the event of any delay in payment, the court properly denied plaintiffs request to retain a portion of the $14,000 held in escrow that constituted an inadvertent overpayment of the settlement amount owed by defendants and was properly returnable to the insurance company that made the overpayment.
Concur — Tom, J.E, Friedman, Acosta, Andrias and Richter, JJ.