USA Recycling Inc. v Baldwin Endico Realty Assoc., Inc. (2021 NY Slip Op 01222)





USA Recycling Inc. v Baldwin Endico Realty Assoc., Inc.


2021 NY Slip Op 01222


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Acosta, P.J., Renwick, Singh, Mendez, JJ. 


Index No. 305615/13 Appeal No. 13202 Case No. 2019-03630 

[*1]USA Recycling Inc., Plaintiff-Appellant,
v
Baldwin Endico Realty Associates, Inc., Defendant-Respondent.


Anthony J. Centone, P.C., Mohegan Lake (Anthony J. Centone of counsel), for appellant.
LePatner & Associates, LLP, New York (Harry J. Petchescky of counsel), for respondent.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about May 24, 2019, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
The motion court correctly enforced the contract for the purchase of real property in accordance with its plain terms (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). Plaintiff's contention that it is entitled to an additional, extra-contractual credit of $120,000, which it claims was paid to defendant two years before the contract was entered into, is insufficient to create an ambiguity. "Such a fundamental condition would hardly have been omitted" (Braten v Bankers Trust Co., 60 NY2d 155, 163 [1983]). To consider plaintiff's extrinsic evidence would also run afoul of the parol evidence rule (Marine Midland Bank-S. v Thurlow, 53 NY2d 381, 387 [1981]).
Plaintiff's contention that it was entitled to an adjournment of the closing date because there was no "time of the essence" language in the contract is unavailing. As the contract had a specific termination provision, a "time of the essence" provision was unnecessary (Squicciarini v Park Ridge at Terryville Assoc., 199 AD2d 376, 377 [2d Dept 1993]). Plaintiff's argument that defendant anticipatorily breached the contract is also unavailing (see Pesa v Yoma Dev. Group, Inc., 18 NY3d 527 [2012]). Defendant's counsel prepared all of the documents required to close at the appointed time and place, and it was plaintiff that committed the breach by failing to appear with the required funds.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021