| **Wexler v Ambalo** |
|:---:|
| 2024 NY Slip Op 31220(U) |
| April 9, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 536903/2023 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
-------------------------------------------x
AARON WEXLER and RICK KAMINER,

                           Plaintiffs,       Decision and order

       - against -             Index No. 536903/2023

DAVID AMBALO, 4683 PARK DA LLC,
SPRINGFIELD 141 LLC, and JOHN DOES and JANE
DOES #1-10, the last 10 names being
fictitious and unknown to the plaintiffs,
                      Defendants,      April 9, 2024
-------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN      Motion Seq. #1 & #2

        The defendants have moved pursuant to CPLR §3211 seeking to dismiss the complaint for the failure to allege any causes of action. The plaintiff has cross-moved seeking partial summary judgement. The motions have been opposed respectively. Papers were submitted by the parties and arguments were held. After reviewing all the arguments this court now makes the following determination.

        According to the verified complaint the plaintiff Aaron Wexler owns 52.5% of an entity called 2351 Management LLC, plaintiff Rick Kaminer owns 17.5% and the defendant David Ambalo owns 30% of that entity. That entity is a 90% owner of 2351 Pacific Street located in Kings County. The remaining ten percent is owned by Twinnies LLC, which is owned by Wexler and a non-party. Moreover, defendant Ambalo is the sole owner of 4683 Park DA LLC, which is the sole member of Springfield 141 LLC, which owns a 50% ownership interest in the property located at 4683 Park Avenue in Bronx County. The other 50% owner is Forrest

Equities LLC, which is owned by the plaintiffs. On April 5, 2023 the parties entered into a settlement agreement whereby Ambalo would become the sole owner of 2351 Pacific while the plaintiffs would become the sole owners of 4683 Park and that further Wexler would pay Ambalo $500,000. The verified complaint alleges that Ambalo repudiated the agreement by notifying the plaintiffs he would not be transferring any of his shares because the closing did not occur by the closing date. The plaintiffs commenced this action and have asserted four causes of action, namely for specific performance, breach of contract, expectation damages and tortious interference. The verified complaint alleges the plaintiffs satisfied all the conditions necessary for the transfer and the defendant unilaterally breached said agreement.

The defendants have now moved seeking to dismiss the complaint on the grounds no breach of the settlement agreement occurred because the plaintiffs failed to satisfy necessary conditions precedent. The plaintiffs have cross-moved seeking a determination the defendant must comply with the settlement agreement. As noted the motions are opposed.

### Conclusions of Law

It is well settled that upon a motion to dismiss the court must determine, accepting the allegations of the complaint as true, whether the party can succeed upon any reasonable view of

2

[* 2]

those facts (Perez v. Y & M Transportation Corporation, 219 AD3d 1449, 196 NYS3d 145 [2d Dept., 2023]). Further, all the allegations in the complaint are deemed true and all reasonable inferences may be drawn in favor of the plaintiff (Archival Inc., v. 177 Realty Corp., 220 AD3d 909, 198 NYS2d 567 [2d Dept., 2023]). Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a pre-discovery CPLR §3211 motion to dismiss (see, Lam v. Weiss, 219 AD3d 713, 195 NYS3d 488 [2d Dept., 2023]).

The settlement agreement provided that, upon satisfaction of all conditions precedent, the closing would occur on or before one hundred and twenty days from the date of execution (see, Settlement Agreement, ¶2 [NYSCEF Doc. NO. 2]). Section 8 of the agreement states that "Ambalo shall have the option of cancelling this Agreement should the items provided in Section 5, 6 and 7 herein not be complied with" (id). Further, Section 13 of the agreement states that "Wexler shall pay to Ambalo the net sum of Five Hundred Thousand Dollars ($500,000.00) at or prior to Closing (the "Payment"), by certified check or wire. Should Wexler fail to make this Payment by the Closing Deadline, then this Agreement shall be null and void, and the Parties shall retain all of their rights and obligations prior to this

3

Agreement" (id).

There is no dispute that the plaintiffs failed to satisfy all the conditions precedent contained in paragraphs 5, 6 and 7 and failed to pay Ambalo $500,000 pursuant to the agreement. The plaintiffs argue that the agreement did not contain a time of the essence clause. Consequently, "Defendants were therefore unable to terminate the agreement without first sending an unequivocal notice that time is of the essence" (see, Memorandum of Law, page 9 [NYSCEF Doc. No. 12]). However, a time of the essence clause is not required where the contract contains a specific termination provision (USA Recycling Inc., v. Baldwin Endico Realty Associates Inc., 191 AD3d 619, 139 NYS3d 529 [1st Dept., 2021]). Furthermore, language in a contract that states if conditions remain unfilled by a certain date then "the sole remedy of the purchaser is to elect to cancel this contract" a time of the essence is surely implied (see, Squicciarini v. Park Ridge at Terryville Associates, 199 AD2d 376, 605 NYS2d 372 [2d Dept., 1993]).

In this case the agreement specifically stated that upon the failure to comply with the conditions, the defendant had the option to cancel the contract and that if the $500,000 was not paid by the closing date then the agreement is "null and void" (see, Settlement Agreement, ¶13 [NYSCEF Doc. NO. 2]). The plaintiffs argue the defendants terminated the agreement

4

prematurely. Thus, defendant's representative, Eli Ambalo, sent an email on August 10, 2023 that purported to cancel the settlement agreement (see, NYSCEF Doc. No. 14). However, Eli Ambalo was not a party to the agreement and there are surely questions whether he had the authority to so act. In any event on September 11, 2023 counsel for David Ambalo sent a letter to plaintiffs indicating that more than one hundred and twenty days had passed and the plaintiffs had failed to satisfy the conditions precedent and thus the agreement was void (see, NYSCEF Doc. No. 7). Thus, the defendant did not have to delay termination by first serving a time of the essence letter. Rather, termination was automatic upon the plaintiff's failure to satisfy the conditions or pay Ambalo. Therefore, Ambalo's termination occurred after one hundred and twenty days and the agreement terminated at that juncture. There can be no causes of action that flow therefrom. Thus, the defendant's motion seeking to dismiss the complaint is granted. The plaintiff's cross-motion is denied.

So ordered.

ENTER:

DATED: April 9, 2024
       Brooklyn N.Y.

_____
Hon. León Ruchelsman
JSC

5

[* 5]