**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 24-3115 and 24-3152

_____

DONOVAN REALTY, LLC; DD&A TILDEN REALTY, LLC; ZERTECK, INC.;
TILDEN RECREATIONAL VEHICLES, INC.; DERWOOD L LITTLEFIELD,
                            Appellants in No. 24-3152

v.

CAMPERS INN HOLDING CORPORATION; CI OF HAMBURG, LLC;
CI OF WEST COXSACKIE, LLC,
                            Appellants in No. 24-3115

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2:20-cv-03954)
District Judge: Honorable Cynthia M. Rufe

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on September 30, 2025

Before: SHWARTZ, MATEY, and SCIRICA, Circuit Judges

(Opinion Filed: February 9, 2026)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**SCIRICA,** *Circuit Judge*

Appellants seek review of the trial court's judgment finding they breached agreements to purchase two recreational vehicle dealerships from Appellees. The District Court found Appellants materially breached the purchase agreement but denied Appellees' request for recovery of the purchase deposit already held in escrow and for attorneys' fees. Appellees cross-appeal the denial of deposits and attorneys' fees. We will affirm in part, reverse in part, and remand.

## I.

In February 2020, CI of Hamburg, LLC, CI of West Coxsackie, and Campers Inn Holdings Corporation ("Campers Inn,")—businesses engaged in the sale of RVs—contracted to buy two recreational vehicle dealerships located in New York and Pennsylvania, doing business as "Boat N RV," from Donovan Realty, LLC (owner of the New York dealership property), DD&A Tilden Realty, LLC (owner of the Pennsylvania dealership property), Zerteck, Inc. and Tilden Recreational Vehicles, Inc. (operators of the dealerships), and their founder, Derwood L. Littlefield ("Donovan"). The parties executed both an Asset Purchase Agreement for the operating businesses and a Real Estate Purchase Agreement for the dealership properties. They agreed to a choice-of law-provision stating that all disputes are to be governed by New York law. Each agreement set April 15, 2020, as the closing date and provided:

> …[T]he Closing shall take place on or before April 15, 2020 (the date on which the Closing actually occurs is hereinafter referred to as the "Closing Date"), time being of the essence. Subject to the consummation of the Closing on the Closing Date, the sale, assignment, transfer, and conveyance

to Buyer of the Purchased Assets will be deemed effective as of close of business on the Closing Date.

App. 2273 (Asset Purchase Agreement); App. 2292 (Real Estate Purchase Agreement incorporating APA's closing provision).

Campers Inn was unable to obtain the necessary financing in time. In May 2020, the parties executed an Addendum extending the closing. The Addendum tied the dealership property contract to a new closing date of July 31. The parties later agreed to apply the same deadline to the dealership assets transaction.

Unlike the original agreements, the Addendum did not contain a time-of-the-essence clause. As required by the amended contract, Campers Inn increased its escrow deposit by $500,000, bringing the total in escrow to $750,000—three times the initially bargained-for amount.

By July 31, Campers Inn still had not obtained its financing or approval from its board of directors. Donovan, by contrast, had executed its closing documents and was prepared to perform. Campers Inn could not close. Donovan therefore considered Campers Inn to be in default of the purchase agreement, and sent written notice to the escrow agent demanding release of the $750,000 deposit as liquidated damages. Donovan thereinafter retained its dealerships and later sold them to a competitor at a higher price.

Donovan filed suit in August 2020, seeking the escrow deposits as liquidated damages, as well as attorneys' fees as provided by the Asset Purchase Agreement. Campers Inn counterclaimed for specific performance. After a bench trial, the District

Court found Campers Inn materially breached the purchase agreement but denied

Donovan's request for attorneys' fees and the monies held in escrow. Donovan moved to

alter or amend the judgment under Rule 59(e), which the court denied. Campers Inn and

Donovan both timely appealed.

**II.**

Campers Inn argues the District Court erred in enforcing the July 31, 2020 closing

date as a material condition of performance. It maintains that, because the Addendum did

not repeat the time-of-the-essence clause, performance was required only within a

reasonable time. Donovan responds that the parties treated July 31 as a firm and material

deadline, that it was prepared to close, and that Campers Inn was not. Because the

Addendum's omission of the time-of-the-essence language did not alter the parties' clear

understanding that July 31 was a material term, we affirm the District Court's ruling that

Campers Inn defaulted.

While "a declaration that time is of the essence" can require parties to perform by

a certain date, *Grace v. Nappa*, 389 N.E.2d 107, 109 (N.Y. 1979), a fixed closing date

may control absent such a recitation where the circumstances show the parties intended

the date to be a material condition. *See Zev v. Merman*, 521 N.Y.S.2d 455, 457 (N.Y.

App. Div. 1987), *aff'd*, 533 N.E.2d 669 (N.Y. 1988) ("[A] party need not state

specifically that time is of the essence, as long as the notice specifies a time on which to

close and warns that failure to close on that date will result in default."); *Jannetti v.

Whelan*, 17 N.Y.S.3d 455, 457 (N.Y. App. Div. 2015) (contract made time of the essence

where it "expressly stated that the contract would be 'null and void' if the closing did not

4

occur on or before December 24, 2010"). This reflects a basic principle of New York contract law: when the circumstances demonstrate that both sides understood a closing date to be firm, a party's inability to close on that date amounts to material breach. *See USA Recycling, Inc. v. Baldwin Endico Realty Assocs., Inc.*, 139 N.Y.S.3d 529, 530 (N.Y. App. Div. 2021) (treating a buyer as in default for missing the closing date even in the absence of a strict timing clause).

The Addendum's text, structure, and context confirm that the July 31 deadline was a material condition of performance. The text explicitly tied the contract for the dealership properties to the July 31, 2020 closing date, and the parties later agreed to the same deadline for the dealership's assets. Section 3(F) of the Addendum further supports this conclusion. That provision contemplates a limited extension only for identifying and curing defects to title. By expressly allowing delay in one narrow, no-fault circumstance, it implies that no other extensions were contemplated. The inclusion of this narrow escape clause underscores that July 31 was presumptively intended as the firm date for performance.

The increased escrow deposit, from $250,000 to $750,000, further demonstrates that the new closing date was meaningful consideration for a firm extension, not a flexible target. The substantial increase in the size of the deposit suggests that Donovan was reluctant to extend its original firm deadline further, and exacted a substantial price for this extension. To interpret the new deadline as a non-material condition of the contract would, it seems, give Campers Inn far more than it bargained for.

5

Campers Inn points out that an earlier draft of the Addendum contained a time-of-the-essence clause that was later struck, a fact which has not escaped our consideration. Nevertheless, the significance of that deletion is outweighed by the overwhelming countervailing evidence showing that both sides treated the July 31 date as material: the text of the Addendum itself, the narrow extension clause in Section 3(F), and the increased escrow.[1]  Considering the agreement as a whole, July 31 was a material condition of performance, and Campers Inn's failure to close constituted a material breach.

And seeing as Campers Inn materially breached the agreement, Donovan was no longer bound to perform under the contract, including the "no-shop" provision, and was therefore free to solicit and execute alternative sales.

The contract is clear and unambiguous, and the parties' conduct reinforced its command.  Under New York law, the District Court was obliged to enforce the deadline as binding.

**III.**

---

[1] Contemporaneous communications between Campers Inn executives reinforce this interpretation.  Text messages from its CEO to the CFO emphasized the closing "has to get done by the 31st," (App. 2412).  The CEO's later explanation, that he merely meant delay would hurt summer sales, only undercuts his position.  If anything, it confirms the deadline's materiality: he acknowledged that the summer season was critical for RV sales, and missing a late-July closing would forfeit that peak market opportunity.  Moreover, the parties' conduct confirms they treated this date as binding:  Donovan executed its closing documents and stood ready to deliver possession; Campers Inn, by contrast, failed to obtain financing or board approval and admitted it could not perform.  On these facts, July 31 was a firm deadline, and by failing to close thereby, Campers Inn defaulted.

Donovan cross-appeals the District Court's refusal to award it the $750,000 in escrow deposits and attorneys' fees. It argues that the parties' contracts resolved the matter in advance: the deposits were designated as liquidated damages in the event of buyer default, and the prevailing party was entitled to recover attorneys' fees. Because Campers Inn waived any penalty defense and the agreements unambiguously provide for an award of both the deposits and fees, we will reverse and remand.

Under New York contract law, liquidated damages provisions are enforceable unless they operate as a penalty. *See Truck Rent-A-Ctr., Inc. v. Puritan Farms 2nd, Inc.*, 361 N.E.2d 1015, 1018 (N.Y. 1977) (stating that a liquidated damages provision is unenforceable when it calls for payment grossly disproportionate to the probable loss). Outside that narrow penalty context, proof of actual damages is unnecessary, because the parties' agreement fixes the remedy. *See Ryan v. Orris*, 463 N.Y.S.2d 883, 886 (App. Div. 1983) ("Once plaintiff's burden of proving the validity of the liquidated damages clause was met, it was not necessary for plaintiff to prove any actual damages."). This framework makes plain that where a valid liquidated damages clause governs, the agreed sum—whether a deposit or another fixed payment—must be enforced upon the defaulting party.

The language of the parties' contracts makes clear that Donovan was entitled to retain the deposits in the event of Campers Inn's default, stating:

> …[I]f Seller is ready, willing and able to consummate the Transactions and Buyer fails to consummate such Transactions in accordance with the provisions of this Agreement, for any reason other than the non-satisfaction of any of the conditions set forth in Sections 6.l(b) - 6.l(f), the Deposit shall be delivered to Seller as liquidated damages, which shall be Seller's sole

7

and exclusive remedy against Buyer, at which time this Agreement shall be null and void and neither party shall have any rights or obligations under this Agreement.

App. 2278.

On appeal, Campers Inn argues that this language should not be given effect because Donovan suffered no uncompensated loss, as it continued to operate the dealerships profitably and later sold them at a higher price. The problem with that argument is that Campers Inn expressly disclaimed the only defense that could make actual damages relevant. At trial, its counsel admitted: "We never raised penalty as an affirmative defense. We never mentioned it in a pleading. It was not a defense." App. 1285.

That stipulation is fatal. The waiver doctrine bars a party from raising on appeal a defense affirmatively relinquished in the trial court. *United States v. James*, 955 F.3d 336, 344-45 (3d Cir. 2020). Having waived the penalty defense, Campers Inn cannot escape the bargain it struck. The deposits must therefore be awarded.

Having established Donovan's right to the deposits, the same contractual framework also resolves its claim for attorneys' fees. The agreements did not stop at liquidated damages but went further, allocating the costs of enforcement. The language of the parties' contracts makes clear that the prevailing party is entitled to recover attorneys' fees, stating:

> If any dispute arising out of this Agreement is litigated between the Parties hereto, the prevailing Party shall be entitled to recover its reasonable attorneys' fees from the other Party in addition to any other relief to which it may be entitled.

App. 2280.

8

Campers Inn lost on the central issue in this case—its failure to close under the agreements—and Donovan prevailed. Under New York law, courts enforce fee-shifting clauses according to their terms. *See Crown IT Servs., Inc. v. Koval-Olsen*, 782 N.Y.S.2d 708, 712 (N.Y. App. Div. 2004). Because Donovan prevailed on its breach-of-contract claim, as well as the dispute as to recovery of the escrow deposits as the contractual remedy, it is entitled to recover its reasonable attorneys' fees, including those incurred on appeal.

Accordingly, Donovan is entitled to both the escrow deposits and attorneys' fees, with the District Court to calculate the fee award on remand.

## IV.

For the foregoing reasons, we will affirm the District Court's finding that Campers Inn defaulted, reverse its denial of escrow deposits and attorneys' fees, and remand for calculation of the fee award.